WILLIAM J. PARROTT

v.

WILLIAM HODGSON ET AL.

*Fee Bill—Motion to Quash—New Fee Bill Issued by Order of Court—* Res Adjudicata.

Where a motion to quash a fee bill was made, and the court passed upon the motion, making some corrections, and ordered a new fee bill to issue, *held*, that all items which were contained in the original fee bill, and which had been, or might have been, passed upon by the court, were *res adjudicata.*

[Opinion filed April 11, 1892.]

APPEAL from the County Court of Morgan County; the Hon. O. P. THOMPSON, Judge, presiding.

Mr. OSCAR A. DE LEUW, for appellant.

Mr. CHARLES A. BARNES, for appellee.

MR. JUSTICE WALL. This was a motion to quash a fee

Parrott v. Hodgson.

bill, which the court denied.  It appears that at a former term a motion of the same sort had been made in reference to a former fee bill in this case concerning the same items. The court passed upon that motion, making some correc- tions, and directed a new fee bill to be issued for the fees and charges then set out, which were the same fees and charges contained in the present fee bill.  From that order no appeal was taken, but when the fee bill was afterward issued, it was replevied, and the motion now under con- sideration was interposed.  The court refused to entertain the motion, because the matter was *res judicata.*  We think this ruling correct.  Whatever errors (and all that are urged amount to less than three dollars) may be found in the present fee bill were in the first one.  They were then, if ever, the proper subject of complaint.  If they were or were not presented, the action of the court, in specifically ordering the fee bill to issue as it now is, should preclude another inquiry touching any of the items therein, so long as that order remains in full force and unreversed.  It is suggested that the objectionable items now complained of were not then brought to the attention of the court, and should not, therefore, be considered as settled by that order. They might have been, and should have been, if the party was not satisfied with them.  It would be a vicious practice to permit a party to replevy a fee bill upon one item at one term, and having quashed it, to replevy the alias upon another item, contained in the first, at the next term, and so on, *ad infinitum.*

The judgment will be affirmed.

*Judgment affirmed.*