### Edward P. Leigh v. Henry D. Laughlin.

#### Gen. No. 12,858.

1. MOTION TO RETAX—*effect of overruling.* Held, that the court
in denying a motion to retax, approved the master's fee subse-
quently sought to be questioned by a replevy of the fee bill.

2. MOTION TO RETAX—*when precludes remedy by replevy of fee
bill.* The motion to retax and the replevy of the fee bill are
concurrent remedies and the selection and the pursuit of one pre-
cludes the adoption of the other.

Replevy of fee bill. Error to the Circuit Court of Cook county;
the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this
court at the March term, 1906. Affirmed. Opinion filed Decem-
ber 13, 1906.

**Statement by the Court.** January 3, 1901, Henry
D. Laughlin, the defendant in error, filed a bill
against Edward P. Leigh, plaintiff in error, to en-
join said Leigh from voting certain shares of the
stock of the National Hollow Brake Beam Company,
etc., and that the complainant Laughlin should be de-
creed to be the owner thereof, etc. A temporary in-
junction was issued as prayed, and such proceedings
were subsequently had that, May 3, 1902, the court
rendered a decree dissolving the injunction and dis-
missing the bill.

On appeal to this court, the Branch Appellate
Court, Freeman, J., delivering the opinion, the de-
cree of the Circuit Court was reversed and the cause

remanded, with direction to grant the appellant, Laughlin, the specific relief prayed for in his bill. 112 Ill. App. 119. Leigh then appealed to the Supreme Court, and that court affirmed the judgment of this court. 211 Ill. 192.

November 5, 1904, the Circuit Court, in pursuance of the mandate of this court, entered a decree vacating its former decree, and granting to the complainant, Laughlin, the relief prayed by his bill; which decree of the Circuit Court concluded with these words: "And it is further ordered, adjudged and decreed that the said complainant, Henry D. Laughlin, do have and recover of and from the said defendant, Edward B. Leigh, his costs to be taxed herein." The clerk of the Circuit Court taxed the complainant's costs as follows:

| | |
|---|---:|
| Clerk's costs paid by complainant's attorney | $   10.00 |
| Sheriff's fees paid by attorney | 2.35 |
| Fees, Master Wait | 1,300.00 |
| "      "      " | 679.45 |
| "      "      " | 262.50 |
| | $2,254.30 |

Counsel for plaintiff in error say, in their printed argument: "The only item in controversy is the $1,300.00 paid by Laughlin to the master." Plaintiff, in pursuance of notice given December 5, 1904, moved the Circuit Court to retax the costs, and the court, December 12, 1904, entered the following order:

"The motion of the defendant herein, to retax the costs heretofore taxed herein, now coming on to be heard before the court, and the court having considered the record and affidavits of the parties, and having heard the arguments of counsel, Shope, Mathis, Zane & Weber, appearing for the complainant, and David S. Geer, appearing for the defendant and being now fully advised, it is by the court ordered

and adjudged that the said motion of the defendant to retax the costs herein be, and the same is hereby denied; and the said defendant excepts," etc.

Prior to the making of the foregoing order, namely, November 22, 1904, a writ of execution was issued out of the court, for the collection of the complainant's costs, above mentioned, amounting in all to $2,254.30, to which writ the sheriff made this return: "The within named defendant having satisfied the within fee bill to the amount of $970.63, and the balance of the within fee bill, amounting to the sum of $1,300, the within named defendant replevied from me, as per bond hereto annexed. I therefore return the writ satisfied for the sum of $970.63, and unsatisfied as to balance, this 20th day of February, 1905." The bond, which is made a part of the sheriff's return, is as stated by him, and concludes thus: "Now, if the said Edward B. Leigh shall pay such fee bill, if the same shall not be quashed, then this obligation to be void, otherwise to remain in full force and effect."

April 5, 1905, the following order in the cause was made: "This cause coming on to be heard, upon the motion of the complainant herein, for the entry of an order refusing to quash the fee bill and replevin bond filed herein, Shope, Mathis, Zane and Weber appearing for complainant, and David S. Geer and John P. Ahrens appearing for defendant, and the court having heard the arguments of counsel herein, and the court being now fully advised, it is by the court ordered, adjudged and decreed, that the said fee bill and bond be not quashed, but that the said fee bill be, in all things, confirmed, to which the said defendant duly excepts," etc.

Plaintiff in error assigns as error the entry of each of the orders of December 12, 1904, and April 5, 1905, and the obejct of the writ of error is to reverse each of those orders.

JOHN P. AHRENS and DAVID S. GEER, for plaintiff in error.

SHOPE, MATHIS, ZANE & WEBER, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

We will first consider the order of November 12, 1904, refusing to retax the costs. The transcript is certified to be as *per praecipe,* and the *praecipe* does not direct the clerk to include in the transcript any affidavits or certificate of evidence, and the transcript does not contain any affidavit, or certificate of evidence heard on the motion to retax costs. It is recited in the order of December 12, 1904, "and the court having considered the record and the affidavits of the parties," etc. In Highley v. Deane, 168 Ill. 266, the question whether the court erred in requiring the complainant to pay the costs of the receiver was presented for decision, in respect to which the court, after stating that no certificate of evidence had been incorporated in the record, said: "The evidence upon which the decree was entered not being before the court, it must be presumed it was sufficient to justify and support every finding in the decree. Where the record is incomplete, and the correctness of the decree is dependent upon facts not before the court, we can but affirm." In Ames v. Stockhoff, 73 Ill. App. 427, the court held that affidavits not attached to and filed with the pleadings are not a part of the record, in a chancery cause, unless made so by a certificate of evidence, citing cases.

However, the question here is not whether affidavits are part of the record proper, without being incorporated in a certificate of evidence, and is not before us, as none of the affidavits which the court considered is in the transcript. The transcript was filed here December 1, 1905, and March 8, 1906, there

was filed what counsel for appellee denominate a supplemental record, which is not and does not purport to be a transcript of the record, and is not so certified by the clerk. It consists of certain stipulations and affidavits, the affidavits being entitled Henry D. Laughlin v. Edward B. Leigh, with venue, and following each affidavit the clerk of the Circuit Court certifies that the affidavit is a full, true and correct copy of a certain affidavit filed in the Circuit Court (giving the date of filing), and remaining on file in his office. The so-called supplemental record has no *placita.* We could not consider the matter contained in the document filed March 8, 1906, even by stipulation of the parties. Lane v. Dorman, 3 Scam. 237; Stock Quotation Tel. Co. v. Chicago Board of Trade, 144 Ill. 370; Moore v. The People, 148 ib. 48; Mosher v. Scofield, 55 Ill. App. 271; B. & O. R. R. Co. v. Gaulter, 60 ib. 647. We are limited to the consideration of what appears in the transcript of the record.

The contention of counsel for plaintiff in error is, that there is no order showing that the court approved of the master's charges, and, in support of this, he says that the *praecipe* directed the clerk to include in the transcript all orders entered by the court in the cause, and that the clerk having certified that the transcript is complete "according to *praecipe,*" it must be presumed that there was no such order of approval. The order of December 12, 1904, recites that the court considered not only affidavits, but the record. The clerk's certificate of the complainant's costs is as follows: "I, John A. Cooke, clerk of the Circuit Court of Cook County, State of Illinois, do hereby certify that the above is a true copy of comp'l's costs, from my fee book in the above entitled cause." By clause 5th of section 16, chapter 25 of the statutes, the clerk's fee book is made a part of the record and judgment. Hurd's Rev. Stat. 1905, p. 456. The court, therefore, had

before it the fee book, the clerk's certificate of the complainant's costs, heretofore mentioned, and also the master's report, with a statement of his fees thereto attached; filed November 22, 1901; but only the statement of the master's fees is contained in the transcript, the report being omitted. The questions presented to the court, on the motion to retax the costs, are thus stated in the statute: Whether there is "any charge allowed for services not performed, or for which the person charged is not liable, or any item charged higher than by law is allowed." Hurd's Rev. Stat. 1905, chap. 33, sec. 26, p. 557. It must be presumed that the court examined the fee book, and the master's report, which doubtless showed what services he performed, together with the affidavits, and also considered the question whether the charges, including the $1,300, were reasonable. The court, with its knowledge of the services performed by the master, could have exercised its judgment of the reasonableness of the master's charges independently of evidence offered by the parties. Lee v. Lomax, 219 Ill. 218.

In the master's statement of his fees, which is contained in the transcript, and which was attached to his report, which is not in the transcript, but which is shown by the transcript to have been filed November 22, 1901, the disputed item of $1,300 is charged for. "report, argument, objections and arguments." Chapter 53, section 20, in respect to fees and salaries, provides: "In counties of the third class, masters in chancery may receive for examining questions in issue referred to them, and reporting conclusions thereon, such compensation as the court may deem just," etc. It may be here mentioned that although it is apparent from the transcript that the cause must have been referred to the master, the order of reference is not in the transcript. The *praecipe* does not direct the clerk to incorporate in the transcript stip-

ulations between the parties so that for aught appearing the parties, before the master's report was filed, may have agreed upon and stipulated that the master's fee for services not specifically and definitely fixed by the statute should be $1,300. We are of opinion that the court, in overruling the motion to retax costs, approved the master's charges, including the $1,300 in dispute, and that there is no equity in the contention of plaintiff in error that there was no formal order approving such charges prior to the entry of the order of December 12, 1904. Equity has regard to the substance of the matter.

We will next consider the order of April 5, 1905. An execution for complainant's costs was issued November 22, 1904, and was in the hands of the sheriff prior to the making of plaintiff in error's motion to retax the costs. The questions to be determined by the court and the relief sought, on a motion to retax costs, are precisely the same as when the fee bill is replevied and a return made thereof and of the replevin bond to the court, by the sheriff. Hurd's Rev. Stat. 1905, c. 33, secs. 26 and 27, p. 557.

The remedies, therefore, were consistent and concurrent, and plaintiff in error, at the time he moved to retax the costs, was in a position to select which remedy he would pursue. He chose to pursue the remedy by motion to retax, which motion the court, after due consideration, denied, thereby sustaining the taxed costs. The election of the remedy, by motion to retax, concluded plaintiff in error, and, thereafter, he could not legally resort to replevin of the fee bill.

In Kapischki v. Koch, 180 Ill. 44, Kapischki sued Koch in trespass, alleging that the defendant had, by virtue of a writ of replevin, taken from him part of a stock of shoes; that the replevin suit had been determined against Koch, the plaintiff therein, and a *retorno habendo* awarded, and that Koch had not re-

turned the property. It appeared from the evidence that Kapischki had sued Koch on the replevin bond and had recovered judgment. Held, that there could be no recovery in the trespass suit, the court saying: "Each of these remedies proceeds upon the same cause of action, and the remedies were consistent and concurrent. While different remedies were available to the appellant, the cause of action was the same and was an entirety, and could not be divided into separate and distinct claims and both remedies pursued." See also Yourt v. Hopkins, 24 Ill. 326, and Karr v. Barstow, ib. 580.

But there is another ground fatal to the replevin of the fee bill. The order of December 12, 1904, was made at the November term, 1904, of the court, and, after the expiration of that term, was conclusive as to complainant's costs, and the court, April 5, 1905, a day of the March term, 1905, was powerless to set that order aside by correcting and retaxing the costs. The question as to the correctness of defendant in error's costs was *res adjudicata,* by virtue of the order of December 12, 1904.   Parrott v. Hodgson, 46 Ill. App. 232.

Counsel for defendant in error say, in their argument, that Judge Smith presided in the Circuit Court when the order of December 12, 1904, was entered, and Judge Clifford presided when the order of April 5, 1905, was entered; but, while this may be true in fact, it is not borne out by the transcript. All the proceedings contained in the transcript follow *placita,* commencing thus: "Pleas before the Honorable Charles M. Walker, one of the judges of the Circuit Court of Cook County."

Counsel for plaintiff in error urge that there was no formal order authorizing the issuance of an execution for the costs of defendant in error. We cannot perceive that this has anything to do with the question of the validity of the orders assailed. If the

execution was invalid because of the absence of a formal order authorizing its issuance (a question which we are not called on to decide), it would seem that the remedy of plaintiff in error was by motion to quash it, instead of treating it as valid by paying to the sheriff part of the costs, for the collection of which it was issued, and replevying the remainder.

The orders entered, respectively, December 12, 1904, and April 5, 1905, and each of them, will be affirmed.

*Affirmed.*