## City of Waukegan v. Sophia Sharafinski.

### Gen. No. 4,855.

1. NOTICE—*when question of sufficiency of form and service of,
not preserved for review.* The question of the sufficiency of the
notice and service required to be served where a personal injury
has been sustained for which a municipality is claimed to be
liable, is not preserved for review where the declaration does not
aver the giving of such notice and no special demurrer was filed
and where the objection to the form and service of the notice
when offered was not specific, and where no motion to dismiss
was interposed and no instruction requested with respect thereto.

2. VARIANCE—*how objection for, must be raised.* The objection
of variance must be specifically pointed out in the trial court in
order that it may be preserved for review.

3. VERDICT—*when not excessive.* A verdict of $1,400 in an
action for personal injuries is not excessive where it appears that
the plaintiff suffered from a dislocation of the head of the humerus
and from a broken rib and where her injuries were permanent,
etc.

Action in case for personal injuries. Appeal from the Circuit
Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, pre-
siding. Heard in this court at the April term, 1907. Affirmed.
Opinion filed August 6, 1907.

PERRY L. PERSONS, for appellant; R. W. COON, of
counsel.

ORVIS & EDWARDS, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion
of the court.

This was an action on the case brought by appel-
lee, Sophia Sharafinski, in the Circuit Court of Lake
county, against appellant, the city of Waukegan, to
recover damages for injuries claimed to have been
sustained by a fall upon a sidewalk of appellant, caused
by her stepping into a hole in the same or by the break-
ing of a board underneath her.

The declaration in two counts, in substance, charged
that on the 28th day of July, 1906, appellant had pos-

session and control of a certain public sidewalk on a certain public street known as Jackson street, at or near its intersection with Tenth street, at a point seventy-five feet north of the north line of Tenth street, in the city of Waukegan, with the duty of maintaining it in reasonably safe condition; and that disregarding its duty, appellant permitted it to become unsafe and out of repair and wrongfully neglected and suffered the same to remain out of repair and unlighted in the night time; and the declaration averred that appellee while walking along and over said sidewalk in the night time, while in the exercise of due care for her own safety, fell, one count charging that it was by reason of a plank in said sidewalk breaking underneath her, and the other charging that it was by stepping into a hole in the same, and sustained permanent injuries. Appellant filed a general demurrer to the declaration which was overruled, and then filed a plea of not guilty. There was a trial before a jury resulting in a verdict for appellee for $1,400, a motion for a new trial was overruled, judgment was entered on the verdict, and this appeal was taken.

Section 2, par. 7, Hurd's R. S. of Illinois, 1905, requires that a person about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of personal injury, shall within six months from the date of the injury, file in the office of the city attorney, if there is a city attorney, and also in the office of the city clerk a statement in writing signed by such person, his agent or attorney, giving the name and residence of the person injured, and the date and about the hour of the accident, the place or location and the name and address of the attending physician, if any.

Section 3 of the same act provides that if the notice provided for by section 2 of the act shall not be filed as provided for therein, then such suit brought against such city shall be dismissed, and the person to whom any such cause of action accrued for any personal injury, shall be forever barred from further suing.

The declaration contained no averment of service of the statutory notice. The demurrer was general and did not raise the question. At the trial, appellee offered two notices, the first served on the day the suit was begun, the second just before the trial. The first notice did not give the residence of the attending physician, a resident of Waukegan, and was served on the day the suit was begun, but whether before or after does not appear. It is argued on this account, that the judgment is not maintainable. We are of the opinion the question is not properly preserved. Had the service of the statutory notice been averred, it could have been determined upon special demurrer and the ruling of the court thereon, properly preserved and presented here. Appellant objected to the introduction of the notices but did not specifically object because the notice was served on the day suit was begun. The statute above quoted seems to contemplate that the remedy if proper notice has not been given, is to have the suit dismissed, which apparently is by motion addressed to the court and not by submitting the matter to the jury. Appellant did not move to dismiss nor did it seek to obtain any direct ruling of the court on that question. The second notice was no doubt, incompetent, and if the first notice was insufficient, the second after suit was begun could not cure the defect, but its introduction did no harm. No ruling was asked of the court upon the right of plaintiff to maintain this action under these notices. No motion to dismiss was made, nor any instruction offered directly on the subject, and we are of the opinion that the motion appearing in the record at the close of all the evidence asking for an instruction that the jury find a verdict of not guilty did not raise this question.

Appellant urges as another reason why this judgment is not maintainable, that there is a fatal variance between the allegations in the declaration and the proof. The rule that a variance between the declaration and the proof is fatal, is well settled; but it is also as well

settled that, in order that an advantage may be taken
of a variance on appeal, it must appear that it was
specifically pointed out in the trial court to enable
plaintiff to avoid it by amendment.   C. & W. M. Ry.
Co. v. Hull, 76 Ill. App. 408; C., B. & Q. R. R. Co. v.
Dickson, 143 Ill. 371.   An examination of the record
shows that, on the trial, no objection was made by
appellant to the introduction of the evidence on the
ground that it did not tend to prove the negligence
alleged in the declaration, nor was the court requested
to instruct the jury on that question.   No specific objec-
tion having been made to the introduction of the evidence
or a motion to dismiss the case because of a variance be-
tween the averments and proof in the trial court, and
no question of variance having been raised by motion
to exclude the evidence for that reason, it cannot be
raised for the first time on appeal.

The evidence shows that appellant about 7 :45 o'clock
in the evening of July 28, 1906, while walking on or
over the sidewalk on the west side of Jackson street,
in the city of Waukegan, at a point about seventy-five
feet north of the north line of Tenth street, stepped
into a hole or upon a board that broke and was thrown
to the sidewalk, receiving an injury to her right shoul-
der and right side.   Six witnesses testified that at the
time of the accident boards were rotten, broken and
gone from the sidewalk at or near the place where
appellee was hurt, that the stringers were rotten and
some were missing, that bushes were growing on both
sides of the walk, and that this condition had existed
for from two to four years.   Appellant made no at-
tempt to contradict these witnesses, but urges that
the sidewalk being from two to three miles from the
business part of the city, the legal presumption arising
from the evidence showing the condition of the walk,
does not, under the circumstances, amount to con-
structive notice, and cites a number of cases which,
it is insisted, support this contention, an examination

of which discloses that they are not at all applicable to the evidence in this case.

Appellee testified that she lived about 200 feet from the place where she was injured, that she was accustomed to use a path which ran parallel with the sidewalk in question and about forty feet from it, but that owing to the muddy condition of this path on the evening of the accident, which occurred at about 7:45 o'clock on a rainy night, she used the sidewalk. She also testified that the locality was unlighted. There was other evidence tending to show that she had used the walk frequently and had removed boards therefrom and knew its condition. From this appellant urges that appellee, while walking upon this sidewalk at the time of her injury, was not in the exercise of ordinary care or of care proportionate to the dangerous condition known to her. We are of the opinion that a verdict by a jury upon this conflict of the evidence, approved by the trial court, must stand.

Appellant urges that the damages recovered by appellee are excessive. Upon this question the evidence is also conflicting. Dr. Kalowski, who was called at the time of the accident and who treated the appellee for some time after, and Dr. Gourley, who assisted him in reducing the dislocation, testified that appellee suffered from the dislocation of the head of the humerus and from a broken rib; that the injury was permanent; that she would never have full use of her hand and would not be able to do her housework or milk her cow with that hand, and that there was a permanent nervous condition; that she would never be able to reach her arm up to do anything above her head and that there would be but little use of the arm; in fact that she would be partially disabled as long as she lived. Appellee testified that she suffered great pain in her arm, side and shoulder, and since the accident could not lift anything with that arm, could not dress herself nor do her housework. Appellant produced witnesses who testified that, since

the accident, they had seen her doing work with both hands; one, that she had seen her hoeing in her garden; two, who testified they had seen her milking her cow, and one, that she had seen her using a harrow, and that she used both hands in doing all these things. The assessment of damages in this class of cases is so largely a matter of the judgment and discretion of the jury, that, in the absence of sympathy, passion or prejudice or other improper motives on the part of the jury, and except in cases where it is clearly apparent that they are not justified or sustained by the evidence, courts will not set them aside.

The judgment is therefore affirmed.

*Affirmed.*