## Vespasian Warner, Appellant, v. William A. Armstrong, Sheriff, Appellee.

1. JUDGMENT, § 502*—*when res adjudicata as to rulings on fee bill.* The giving of a bond in double the amount of the costs demanded in the fee bill and the motion to quash the fee bill constitute a replevy of such bill, within Rev. St. ch. 33, sec. 27 (J. & A. ¶ 2741), and whatever the court does, in the exercise of the power therein granted, is *res adjudicata* and conclusive as to the correctness of such fee bill in the particular case, if not reversed by a court of review; and that rule holds good whether the matter comes before the court on a motion to retax, or on a hearing upon the replevy of a fee bill, or any like motion.

2. STATUTES, § 212*—*when unenumerated powers excluded.* The inclusion in a statute of specific powers amounts to an exclusion of all other powers.

3. APPEAL AND ERROR, § 1197*—*what collateral matters not reviewable.* An order apportioning costs between the parties and specifically determining the amount each should pay, not having been reversed on appeal, was conclusive on the parties and finally disposed of all questions raised on an appeal from the denial of a subsequent motion to quash the fee bill.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. COSTS, § 101*—*what not considered on replevy of fee bill.* The question as to whether a fee bill should have been quashed because it did not run in the name of the People and was not under the seal of the court will not be considered, as it does not arise upon the replevy of such fee bill.

5. EXECUTION, § 44*—*how defects objected to.* Defects in the form of an execution, or questions as to the invalidity of the execution for want of a sufficient judgment, must be made by an attack on the execution, and not on a copy of the fee book attached to it.

6. APPEAL AND ERROR, § 864*—*when transcript not resorted to.* Although the court may go to the transcript of the record for reasons to affirm a judgment, it will never go back of the abstract for reasons to reverse one.

7. APPEAL AND ERROR, § 866*—*what abstract must show.* The appellant who prepares the abstract must cause it to show all errors relied on for reversal.

Appeal from the Circuit Court of De Witt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed April 29, 1919. *Certiorari* denied by Supreme Court (making opinion final).

L. O. WILLIAMS and F. K. LEMON, for appellant.

UNDERWOOD & SMYZER, HERRICK & HERRICK, LEONARD W. INGHAM and FRED BALL, for appellee; L. R. HERRICK and CHARLES R. YOUNG, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

After extended litigation in and a final determination of the case of *Warner v. Warner,* 235 Ill. 448, a motion by Vespasian Warner to have costs in that case taxed against the estate of John Warner, deceased, was filed in and heard by the Circuit Court of DeWitt county, where that case was instituted. At the November term of that court, 1910, the motion was denied and an order was entered disallowing an item of $195 for abstract fees which was contained in the then pending fee bill, and apportioning the costs on one branch of that litigation amounting to $1,124.89 be-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tween Vespasian Warner, Flora Warner McDermott, Arabella Warner Bell and Minnie Warner Mettler, one-quarter thereof to be paid by each of said named parties. It was further ordered that Vespasian Warner and Flora Warner McDermott each pay one-half of the remainder of the costs in that case. Arabella Warner Bell and Minnie Warner Mettler paid the part of the costs assessed to them. Vespasian Warner and Minnie Warner Mettler prayed an appeal from that order but never perfected the same. At the November term of the same court, 1911, appellant here entered his further motion to retax the costs in that case, in which motion the costs taxed as master's fees were expressly challenged. That motion was denied at that time.

On April 13, 1914, the clerk of the Circuit Court of DeWitt county issued an execution with a bill of costs attached, showing the amounts paid by Minnie Warner Mettler and Arabella Warner Bell and the balance unpaid. The return of the sheriff recites the receipt by him of a bond from Vespasian Warner in the sum of $4,521.78, which bond was returned with the execution. This bond recites that on April 13, 1914, "an execution for a fee bill issued."

On June 22, 1917, there was filed in the office of the circuit clerk in this proceeding what purports to be an amended motion "to quash the fee bill issued in the case of Isabella Warner vs. Vespasian Warner et al." on April 13, 1914. If there was an original motion of like character previously filed, it is not shown in this record. At all events, the amended motion was heard and on September 14, 1917, was denied and Vespasian Warner, as executor of the last will of John Warner, deceased, has appealed from that order.

Eight specific reasons and one general reason for quashing the fee bill are assigned in the amended motion.

"First:   That the said fee bill was not legally issued by the clerk. of said court.

"Second:   That said fee bill does not run in the name of the People of the State of Illinois.

"Third:   That said fee bill is not issued in the name of the People of the State of Illinois.

"Fourth:   That the item, 'master's fees paid by complainant, $1,457.25' is not itemized, and it is not set forth in said fee bill for what said charge is made, and is not a perfect or legal item of cost.

"Fifth:   That the item of $1,457.25 mentioned in said fee bill as having been paid for 'master's fees' by the complainant in said cause was not in fact paid to the master in chancery of the county of DeWitt by said complainant, and is not a proper item of costs in said cause.

"Sixth:   That said fee bill was not issued under the seal of the Court.

"Seventh:   That the master in chancery of said Court should have made and filed with his report an itemized statement of his costs and charges, if any; that the said master in chancery did not make such itemized statement of his costs, and therefore the item of 'master's fees, $1,457.25' is not a legal charge of costs in this proceeding.

"Eighth:   That this is not a case in which a fee bill can be issued under the law; that said fee bill is therefore illegal and void.

"Ninth:   For other good and sufficient reasons to be shown on the hearing of this motion."

It will be observed that the motion was to quash the fee bill.   No motion was made so far as this record shows to quash the execution.   The giving of the bond in double the amount of the costs demanded in the fee bill and the motion to quash the fee bill, constitute a replevy of a fee bill, and is provided for by section 27 of chapter 33, Rev. St. (J. & A. ¶ 2741).   That section provides:

"When execution has been issued for any fee bill, the party aggrieved may replevy the same by giving

to the officer having the execution, bond, with sufficient sureties, to be approved by such officer, in double the amount of such fee bill, conditioned for the payment of such fee bill if the same shall not be quashed; and upon the receiving of such bond, such officer shall return the fee bill and bond to the next term of the court. And if it appears to the court that any item or charge contained in such fee bill is not authorized by law, or is for services not actually rendered, or any item is charged higher than is allowed by law, the court shall proceed to quash such fee bill and bond, and to correct the taxation of the costs for which such fee bill was issued, and upon such correction being made, such costs may be collected by the fee bill and execution as in other cases.''

It is a familiar rule that the inclusion in a statute of specific powers amounts to an exclusion of all other powers. Applying that rule to the pending matter, it is manifest that all the Circuit Court has power to do in any case where a fee bill has been replevied is to quash the fee bill and bond and correct the taxation of the costs, where it appears ''that any item or charge contained in such fee bill is not authorized by law, or is for services not actually rendered, or any item is charged higher than is allowed by law.'' Even that power when once invoked is exhausted, and whatever the court does in the exercise of such power, if not reversed by a court of review, is *res adjudicata* and conclusive as to the correctness of the fee bill for all time in that case. *Parrott v. Hodgson,* 46 Ill. App. 232; *Leigh v. Laughlin,* 130 Ill. App. 530. That rule holds good whether the exact point was adjudicated on a former motion or not, and whether the rulings on the first motion were correct or not, so long as there was a hearing on a former motion and an opportunity to have the point adjudicated and the rulings of the court were not reversed on review. *Godschalck v. Weber,* 247 Ill. 269; *People v. Chicago, B. & Q. R. Co.,* 247 Ill. 340. If the fee bill has been before the court

in such a way that the correctness of the items in it was or might have been determined, the power of the court to correct it has been exhausted, and it is of no moment whether the matter came before the court on a motion to retax costs, or on a hearing upon the replevy of a fee bill or any like motion, the result is the same. *Leigh v. Laughlin,* 130 Ill. App. 530.

The motion of appellant to have the costs taxed to the estate of John Warner, deceased, that was disposed of at the November term, 1910, of the Circuit Court of DeWitt county, and the motion of appellant to redocket the case and retax the costs, that was disposed of at the November term, 1911, of that court, each raised the question of the correctness of the items of costs now sought to be challenged by a replevy of the fee bill. The order entered at the November term, 1910, above referred to, apportioned the costs between the parties and specifically determined the amount each of them should pay. That order, right or wrong, not having been reversed on appeal or error, is conclusive on the parties and finally disposed of all questions raised on this appeal affecting the correctness of the costs taxed.

Appellant urges that the fee bill should have been quashed because it does not run in the name of the People of the State of Illinois, because it is not issued under the seal of the court, and because the court did not formally adjudge that Isabella A. Warner have and recover the costs in question.

We do not feel called upon to determine either of these questions. As already shown they are not questions which arise upon a replevy of a fee bill. Next, while the motion of appellant to quash the fee bill as well as the argument of his counsel here seem to assume the existence of a fee bill separate and distinct from an execution, an examination of the transcript discloses that but one paper was issued and that was an execution on the back of or attached to which there

is what the clerk certified to be a true copy of his "fee book of court costs." The motion to quash is based upon the supposed defects in or shown by that copy of the .fee book. If there are defects in form in the execution that are fatal to it, or if there is any merit in the contention that the execution is void for want of a sufficient judgment, the attack should have been made on the execution and not on the copy of the fee book attached to it. *Leigh v. Laughlin,* 130 Ill. App. 530. Again, we are aware of no law requiring a copy of a fee book attached to an execution to run in the name of the People of the State or to be under the seal of the court. Again, if the motion to quash the fee bill could be construed to be a motion to quash the execution, then the abstract is not sufficient to show the defects in form claimed to exist therein, and while this court will go to the transcript of the record for reasons to affirm a judgment, it will never go back of the abstract for reasons to reverse one. The appellant who prepares the abstract must cause it to show all errors relied on for reversal.

For the reasons stated, the order of the Circuit Court is affirmed.

*Affirmed.*