Kenneth Kennedy and Squire Whittington, Jr., Appellees, v. City of Chicago, Appellant.

Gen. No. 44,893.

Opinion filed March 8, 1950. Rehearing denied March 31, 1950. Released for publication April 3, 1950.

Benjamin S. Adamowski, Corporation Counsel, for appellant; L. Louis Karton, Head of Appeals and Review Division, Marvin J. Peters, and Arthur Magid, Assistant Corporation Counsel, of counsel.

Ulysses S. Keyes, of Chicago, for appellee.

Sidney A. Jones, Jr., Augustus L. Williams, and George N. Leighton, all of Chicago, amicus curiae.

Mr. Justice Burke delivered the opinion of the court.

Kenneth Kennedy and Squire Whittington, Jr., filed a complaint in the superior court of Cook county against the City of Chicago under secs. 1 to 4 of "An Act to suppress mob violence," approved May 16, 1905 (pars. 512 to 515, ch. 38, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 37.481–37.484]) to recover damages for personal injuries sustained by Mr. Kennedy and for property damage sustained by Mr. Whittington, alleged to have been inflicted on them by a mob assembled "for the unlawful purpose of offering violence to the person and property of plaintiffs . . . in an effort to exercise correctional and regulative powers over plaintiffs." Mr. Whittington was dismissed out of the case on his own motion at the close of plaintiffs' evidence. The jury returned a verdict in favor of Mr. Kennedy for $2,000. Defendant's motions for a directed verdict, judgment notwithstanding the verdict and for a new trial were overruled and judgment was entered on the verdict, to reverse which defendant appeals. Lawyers representing the Cook County Bar Association, pur-

102

suant to leave granted, filed a brief and orally argued the case as *amicus curiae*.

Defendant maintains that plaintiff's failure to prove the giving of the notice required by law is fatal to his recovery and that the trial court erred in not directing a verdict or not entering a judgment in its favor notwithstanding the verdict. Secs. 1–10 and 1–11 of the Revised Cities and Villages Act (pars. 1–10 and 1–11, ch. 24, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 21.1120, 21.1121]) read:

"1–10. Personal actions against municipalities to be commenced within one year.) No civil action shall be commenced in any court against any municipality by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

"1–11. Notice within six months.) Within six months from the date that such an injury was received or such a cause of action accrued, any person who is about to commence any civil action in any court against any municipality for damages on account of any injury to his person shall file in the office of the city attorney, if there is a city attorney, and also in the office of the municipal clerk, either by himself, his agent, or attorney, a statement in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any."

The complaint alleged the giving of such notice to the city and copies thereof are attached as exhibits. Plaintiff, however, made no proof on the trial of the service of the notice upon the city. While it appears that a form of notice had been served on the city prior to the institution of suit, it was claimed that the notice

103

was defective in that it did not contain the address of plaintiff's residence. It further appeared that an amended notice was filed after the institution of the suit and within the six months period, containing the address of plaintiff's residence. The trial judge, on the authority of *City of Waukegan v. Sharafinski,* 135 Ill. App. 436, held that a sufficient notice filed subsequent to suit did not correct a defective notice filed prior thereto. Plaintiff's counsel sought to prove the giving of notice by offering in evidence the notices attached as exhibits to the complaint. Defendant's counsel took the position that the only method of proving notice was to offer the actual notice served upon the city. The court ruled that the notice served upon the city was the best evidence and that the notices attached as exhibits to the complaint were not proof of the giving of the required notice. Thereupon counsel for plaintiff took the position that it was not necessary to serve notice upon the city in cases under the mob violence statute and, therefore, that no proof of notice was required. The court ruled in favor of plaintiff on that proposition.

Plaintiff asserts that the action is penal in its nature and arises from the act incorporated in the Criminal Code; that one must look to the mob violence Act as to the necessity of notice; that since such Act is silent as to notice in cases involving personal injuries as a result of mob violence, the notice required under sec. 1–11 of the Revised Cities and Villages Act is not a condition precedent to the bringing of the action. Plaintiff points out that a thirty-day notice is required under sec. 6 of ''An Act to indemnify the owners of property for damages occasioned by mobs and riots,'' approved June 15, 1887 (par. 523, sec. 38, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 37.492]) and argues that if the legislature intended to require a notice to be given where personal injuries were sus-

tained as a result of mob violence, it would have said so, and that since the Act is silent on notices in cases involving personal injuries to mob victims, it is apparent that no notice is required. Plaintiff also urges that as the act is remedial it should be liberally construed with a view to achieving the objective desired by the General Assembly, and that ''where penalties are imposed for the invasion of one's rights in order to protect him in his liberty and happiness, the statutes imposing such penalties are not subjects of disfavor in the law, and therefore, they are not construed with the same strictness or on the same footing as those which regulate or restrain the exercise of a natural right or forbid the doing of things intrinsically wrong.'' Plaintiff cites *Long v. City of Neenah,* 128 Wis. 40, 107 N. W. 10; *People v. Nellis,* 249 Ill. 12; *Village of Kincaid v. Vecchi,* 332 Ill. 586; *Warner v. Armstrong,* 214 Ill. App. 188; and *Peonage Cases,* 123 Fed. 671, in support of his position. The mob violence statute may be remedial as against the actual participants in the unlawful violence, but is a penal statute as against the city whose liability is not predicated upon its actual participation in any wrongdoing.

Counsel, appearing for the Cook County Bar Association, Inc., state that in view of the fact that the mob violence Act does not call for a notice as a condition precedent to the bringing of an action, it was not intended that there should be any such requirement. These lawyers, calling attention to the requirement for the service of a notice upon the city within thirty days after property damage by a mob or riot under the Act of June 15, 1887, argue that the absence of a notice requirement in the Act of 1905 indicates an intent to dispense with notices in such cases. They insist that the legislature did not intend to discriminate against a person who suffered personal injuries in favor of one who was only damaged in his property. They state

further that sec. 1–11 of the Revised Cities and Villages Act applies to suits growing out of an "accident" and that injury inflicted by a mob is not an "accident."

 We are of the opinion that although the mob violence statute does not include any provision for the serving of notice upon the city as a condition precedent to the bringing of an action against the city thereunder, the general notice requirement of sec. 1–11 of the Revised Cities and Villages Act applies to all actions against the city for personal injuries, whether brought under the mob violence statute or under any other statute, or under the common law. The language of sec. 1–11 is broad and comprehensive and imposes the notice requirement upon "any person who is about to commence *any* civil action in *any* court against *any* municipality for damages on account of *any* injury to his person." (Italics supplied.) The contention that the absence of a requirement for notice in the mob violence statute indicates an intention to dispense with the notice is without merit. If that argument were sound there would likewise be no period of limitation for the bringing of mob violence personal injury actions, as no limitation is prescribed in the Act. Yet, it is certain that an action for personal injuries under the mob violence statute must be filed within the one-year period of limitation prescribed for all personal injury actions against the city under sec. 1–10 of the Revised Cities and Villages Act. It will be observed that sec. 6 of the property damage mob violence Act of 1887, which requires a thirty days' notice upon the city, also prescribes a twelve-months' period of limitation for the bringing of such actions against the city. The obvious reason for this specific provision was to prevent the general five-year statute of limitations which governs property damage actions from being applied to mob violence property damage actions against the city, and to prescribe a shorter period,

namely twelve months, for the bringing of such actions. In view of the clear applicability of the one-year limitation of sec. 1–10 to mob violence personal injury actions against the city, it follows, in order to avoid an absurd result, that the six-months' notice provision of sec. 1–11 applies to mob violence personal injury actions against the city. Whether the mob violence statute is penal or remedial, or both, does not aid plaintiff on the question of notice, because the notice which the statute requires is of general application to all actions for personal injury brought against the city.

██ The contention that the requirement for a notice upon the city within thirty days after property damage by mobs and riots under sec. 6 of the Act of June 15, 1887, and the absence of a special notice requirement in the mob violence Act of 1905, indicates an intent to dispense with notice in such cases, is not valid because there is no general statutory requirement for notice upon the city in property damage cases. It was necessary to insert the thirty-days' notice requirement in the property damage mob violence statute of 1887 because otherwise no notice would be required in such cases brought against the city. By requiring notice to the city even in property damage cases brought under the mob violence statute of 1887, the General Assembly made it clear that it did not intend to exclude personal injury actions under the mob violence statute from the general notice requirement of sec. 1–11. No such specific notice requirement was necessary in personal injury cases because of the general notice requirement of sec. 1–11, applicable to all personal injury cases against the city. We agree with the defendant that since notice is required in personal injury actions where the city's liability is predicated on its negligence or other wrong, it would be unreasonable to hold that the city is not entitled to notice in personal injury actions under the mob violence statute

which makes the city liable irrespective of negligence or other wrong. We have been unable to find any decision in this State upon the precise point whether the six months' notice requirement of sec. 1–11 applies to actions for personal injuries brought under the mob violence statute. In *Haggard v. Arkansas City,* 116 Kan. 681, 229 Pac. 70, an action for damages alleged to have been inflicted by a mob was held not maintainable because the plaintiff had failed to comply with the requirement of a general statute providing for a four-months' notice to the city as a condition precedent to the bringing of the suit. The Kansas court said (71):

"It has been held repeatedly that this statute is mandatory and must be substantially complied with, or the action cannot be maintained."

We have repeatedly held that where no notice was served upon the city, or where a defective notice was served in an action for personal injury, the motion of defendant for a directed verdict should be allowed. *McCarthy v. City of Chicago,* 312 Ill. App. 268; *Cipich v. City of Chicago,* 328 Ill. App. 580 (abst.).

The case of *Long v. City of Neenah, supra,* cited by plaintiff, is inapplicable to the factual situation of the instant case. There the requirement was that notice be given prior to injury. The case of *People v. Nellis, supra,* cited by plaintiff, is not pertinent, as in that case a "mob" had taken a person from the custody of the sheriff who was holding him on a charge of murder and had "lynched" him, whereupon the governor removed the sheriff from office and appointed another in his place. The case involved a contest between two persons; as to who was entitled to the office. The *Peonage Cases,* cited by plaintiff, held that a statute forbidding peonage will be liberally construed to effectuate the purpose of the legislation. *Butte Miners Union v. City of Butte,* 58 Mont. 391, involved

108

an action for property damage by mob or riot and the court sustained the validity of the statute giving such right of action against the city. In the case at bar the validity of the mob violence statute is not in issue. The case of *Village of Kincaid v. Vecchi, supra,* cited by plaintiff, involved the validity of a municipal ordinance. The court, in holding that the ordinance was invalid, said that the express enumeration in section 1 of article 5 of the Cities and Villages Act of the occupations or businesses, not nuisances *per se,* over which a city or village is given control is the exclusion of all other occupations or businesses. The case of *Warner v. Armstrong, supra,* cited by plaintiff, involved a replevy of a fee bill and the construction of a statute. The statute and the facts in that case are so dissimilar to those in the case at bar that the opinion is not helpful in deciding the proposition before us. The attorneys appearing as *amicus curiae* point out that the *Haggard* case relied on by defendant is based on a Kansas statute requiring the giving of notice of the time and place of the happening of the ''accident or injury.'' These attorneys also point out that sec. 1–11 applies to suits growing out of an ''accident.'' This section requires that the notice give the date and about the hour of the ''accident'' and the place and location of the ''accident.'' Secs. 1–10 and 1–11 should be read together. These two sections require that within six months from the date of an injury to his person or of the date the cause of action accrued, any person who is about to commence a civil action against any municipality for damages on account of any injury to his person, shall file the requisite notice. The fact that in setting out the form of the notice the Act requires the date and about the hour of the ''accident'' and the place or location where the ''accident'' occurred, does not limit the application of the phrase ''injury to his person.'' In *McComb v. City of Chicago,*

109

263 Ill. 510, the court said that the purpose of stating where the accident occurred was to apprise the officers of the city so that they would have no difficulty in ascertaining or locating the place of the injury, with a view to preparing a defense if it was thought a defense should be made. In our opinion the *Haggard v. Arkansas City* case is authority for defendant's position despite the fact that the Kansas statute speaks of "accident or injury." The author of the article on "accident" in 1 C. J. S., p. 422, states that the word is difficult to define; that it is not a technical legal term with a clearly defined meaning; and that the question as to what will and will not constitute an accident under given circumstances is dependent upon the facts of each particular case.

■ Plaintiff's action is for damages on account of injury to his person and in our opinion is governed by sec. 1–11 of the Revised Cities and Villages Act. Plaintiff failed to prove the giving of a notice in accordance with the requirement of that Act, therefore, he failed to establish an essential element of his case. It is unnecessary to extend the opinion by discussing the other points argued by the parties. For the reasons stated the judgment of the superior court of Cook county is reversed and the cause remanded with directions to enter judgment against plaintiff.

*Judgment reversed and cause remanded with directions.*

Lewe, P. J., and Kiley, J., concur.