Donald A. Carlson, a Minor, By Andrew R. Carlson, His Guardian and Next Friend, Plaintiff-Appellant, v. Village of Glen Ellyn, a Municipal Corporation, Defendant-Appellee.

Gen. No. 11,232.

Second District, First Division.

April 17, 1959.

Supplemental opinion May 27, 1959.

Rehearing denied May 27, 1959.

Released for publication May 27, 1959.

335

 

Harvey H. Howard, and Robert D. Jesmer, both of Chicago (Robert D. Jesmer, of counsel) for appellant.

J. Edgar Kelly, of Chicago, for defendant-appellee.

JUSTICE McNEAL delivered the opinion of the court.

Donald A. Carlson, a minor, by his next friend, filed a complaint charging the Village of Glen Ellyn, a municipal corporation, with negligence which caused plaintiff personal injury on October 21, 1956, when he fell into a depression in a pathway along one of the village streets. Notice of plaintiff's claim was served by one of his attorneys on the village clerk and village attorney on April 16, 1957, within the time required by section 1–11 [Ill. Rev. Stats. chap. 24] of the Revised Cities and Villages Act, but his complaint was not filed until October 22, 1957, one year and a day after the injury was received.

The defendant municipality moved for dismissal of the complaint and for judgment against plaintiff on the ground that his cause of action was barred by section 1–10 [Ill. Rev. Stats. chap. 24] of the Revised Cities and Villages Act. The trial court found that plaintiff's complaint was barred by said section 1–10, because it was not filed within one year from the date the alleged injury was received, and ordered and adjudged that the complaint be dismissed at plaintiff's cost.

337

Plaintiff contends that the provisions of section 1–10 do not apply to a person who is under the disability of minority and perfected this appeal. Defendant's theory is that the statutory limitation applies regardless of plaintiff's minority, and that plaintiff is bound by the failure of his attorney and next friend to file his complaint in time, because they assumed to act for him and did serve his notice of claim as provided by section 1–11.

Section 1–10 of the Act mentioned reads as follows: "No civil action shall be commenced in any court against any municipality by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued." Section 1–11 of the same Act provides that, "Within six months from the date that such an injury was received or such a cause of action accrued, any person who is about to commence any civil action in any court against any municipality for damages on account of any injury to his person shall file in the office of the city attorney . . . and also in the office of the municipal clerk, either by himself, his agent, or attorney, a statement in writing . . . giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any." Section 1–12 requires that if the notice provided for in section 1–11 is not so filed, any such action commenced against any municipality shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing.

The only effect of the prior section 1–10 on the general statute of limitations was to take actions for personal injuries against cities, villages and towns

338

out of the operation of the general statute and place them under the one year limitation fixed by said section, leaving the general statute of limitations in full force and effect as to all other persons or corporations who may be sued for personal injuries. Erford v. City of Peoria, 229 Ill. 546, 552. Sections 1–10 and 1–11 should be read together, and the latter section applies to all actions against municipalities because of any injury to the person whether brought under the common law or under any statute. Kennedy v. City of Chicago, 340 Ill. App. 100, 106. Section 1–11 is mandatory, and the filing of the notice required thereby is a condition precedent to all such actions and an essential element of the claimant's cause of action. 9 I. L. P. 154.

McDonald v. City of Spring Valley, 285 Ill. 52, was an action brought by a minor to recover damages for personal injuries sustained as a result of negligence. The city demurred to the declaration on the ground that plaintiff did not comply with the statute requiring notice of the injury. The trial court overruled the demurrer and entered judgment on a verdict for $1000. The Appellate Court reversed the judgment without remanding. In reversing the Appellate Court and affirming the judgment of the circuit court, the Supreme Court said:

"Statutes general in their terms are frequently construed to contain exceptions, when considered in connection with well known rules of law, without the courts being subjected to the criticism of having entered the legislative field. This is done upon the theory that statutes, though general in their terms, have been enacted with the full recognition of rules of law which have become well known and well established. . . . These rules of law are based upon the well known fact of the incapacity of children of tender years, and they are not held to the same accountability

339

as are adults. The recognition, by the law, of the status of infants, and of their exemption up to a certain age from liability under the law, is so well known that it must be presumed that the legislature, in enacting such a statute as the one under consideration, did not intend by the general language used to include within its provisions a class of persons which the law has universally recognized to be utterly devoid of responsibility.

"We are aware . . . that in a number of other jurisdictions a strict construction has been given to similar statutes, and that it has been held in those jurisdictions that it is a matter for the legislature to determine whether there should be any exceptions to such legislation; but in the State of New York, where there is a similar statute, the New York Court of Appeals held that where an infant five years of age was injured by the alleged negligence of a village, its right of action was not barred because it did not file the notice required within the time prescribed by the statute, under the rule that the law does not seek to compel one to do that which he cannot possibly perform, and that the failure of a father or mother to file the notice is not chargeable to the infant. . . . It cannot be controverted that a minor is incapable of appointing an agent or an attorney, and it cannot be successfully contended that the statute can be complied with by the filing of the required notice by the father, mother or some friend of the child as next friend. While the parent of a minor is its natural guardian, he cannot be said to be the agent or attorney for the child. A child with a meritorious cause of action but incapable of initiating any proceedings for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights."

The decision in the McDonald case was followed in Walgreen Co. v. Industrial Com., 323 Ill. 194, 197,

in which the Court said that it is the public policy of this state that courts should guard carefully the rights of minors and that a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision.

Defendant states that the question presented in the instant case has never been decided by the courts of this state, and no such decision has been cited by either party. However, the question has been decided by the New York Court of Appeals. In Russo v. City of New York, 258 N. Y. 344, 179 N. E. 762, the jury found that plaintiff was injured through the negligence of the defendant city, when she was 14 years of age. The New York statutes required service of notice of intention to sue within six months and commencement of the action within one year after the cause of action accrued. Plaintiff began her action over three years after the accident. In affirming a judgment on the verdict in favor of plaintiff, the Court said that "the provision that the action must be commenced within one year after the cause of action accrues is not in the nature of a statute of limitations which runs during infancy. An injured infant having a right of action need not wait until reaching full age before beginning such action, but when the infant is entitled to maintain the action the time of disability by reason of infancy is not a part of the time limited for the commencement of the action. Plaintiff had one year after the disability of infancy ceased in which to begin her action. McKnight v. City of New York, 185 N. Y. 35, 78 N. E. 576."

■■ In the instant case plaintiff's action is distinguishable from an action by a minor under either the Dramshop or the Injuries Acts, which create rights to sue not existing at common law and restrict the time within which recovery upon such rights may be sought. Under such Acts the time element is an in-

341

tegral part of the enactment and not of limitations, and a plaintiff's rights arise from the enactment and not from any other source. Shelton v. Woolsey, 20 Ill.App.2d 401, 156 N.E.2d 241. Decisions involving rights of minors under those acts are not applicable here.

In our opinion the only effect of section 1–10 on the general statute of limitations was to substitute the one year limitation fixed by section 1–10 for the limitation provided by the general statute, in all actions for personal injuries against municipalities, leaving other provisions of the general statute including the exceptions as to infants in full force and effect (McKnight v. City of New York, supra). We conclude that the trial court erred in finding that plaintiff's action is barred by said section 1–10 and in dismissing plaintiff's complaint. Therefore the judgment of the Circuit Court of Du Page County is reversed and the cause remanded with directions to overrule defendant's motion to dismiss.

Reversed and remanded.

DOVE, J., concurs.

SPIVEY, P. J., did not participate in opinion.

SUPPLEMENTAL OPINION ON REHEARING

In his petition for rehearing defendant's attorney states that we overlooked the fact that the Russo case cited in the opinion is no longer the law in the State of New York. The Russo case was decided in 1932 when the pertinent statutory provisions in New York were similar to those now pertaining in Illinois. In 1945 the Legislature in New York revised the General Municipal Law in that state and included provisions with reference to filing notice of a tort claim when the

claimant was an infant. Thus, in New York the Legislature denied the court the power to permit late filing of such claims by an infant, and the New York Court of Appeals has said that "the Legislature had the undoubted right so to do." Martin v. School Board of Union Free Dist. No. 28, 301 N. Y. 233, 93 N.E.2d 655, 657. In Illinois the General Assembly has not seen fit to limit the time for infants to file such claims or commence actions thereon. Accordingly the Russo decision and the reasons there expressed are applicable to the instant case. Petition for rehearing is denied.

DOVE, J., concurs.