SHAQUILLA HARRIS, Plaintiff-Appellant, v. CHICAGO TRANSIT
AUTHORITY, Defendant-Appellee.

First District (6th Division)   No. 1—97—3791

Opinion filed September 11, 1998.

Reynolds & Baker, of Chicago (Alex Harris, of counsel), for appellant.

Duncan G. Harris, General Counsel of Chicago Transit Authority, of
Chicago (Thomas J. Bamonte, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the
court:

Plaintiff, Shaquilla Harris, appeals from an order of the circuit

court of Cook County dismissing her action against defendant, the Chicago Transit Authority (CTA), as time-barred by the one-year statute of limitations set forth in section 41 of the Metropolitan Transit Authority Act (the Act). 70 ILCS 3605/41 (West 1996). On appeal, plaintiff contends that her action was timely filed within the two-year statute of limitations period set forth in section 13—211 of the Illinois Code of Civil Procedure (Code). 735 ILCS 5/13—211 (West 1996). For the following reasons, we reverse the judgment of the trial court.

The following facts are relevant to this appeal. On January 30, 1992, plaintiff was injured while a passenger on a CTA bus. Plaintiff was born on May 8, 1977. At the time of the accident, plaintiff was 14 years old.

Six months after the accident, plaintiff retained counsel and filed a notice of personal injury with the CTA. On May 8, 1997, plaintiff's twentieth birthday, plaintiff filed a one-count complaint against the CTA, alleging that she was injured when the doors of the CTA bus opened while the bus was in motion, throwing her to the ground. On May 21, 1997, plaintiff filed her first amended complaint.

On July 14, 1997, the CTA filed a motion to dismiss plaintiff's complaint pursuant to section 2—619(a)(9) of the Code and section 41 of the Act. On September 11, 1997, the trial court granted the CTA's motion and dismissed plaintiff's complaint with prejudice on the ground that plaintiff failed to bring her action against the CTA within one year after her eighteenth birthday. Plaintiff filed a timely notice of appeal of this order on October 6, 1997.

On appeal, plaintiff contends that the trial court erred in dismissing her complaint as untimely filed. Plaintiff argues that the two-year statute of limitations in section 13—211 of the Illinois Code of Civil Procedure controls her claim for injuries sustained while a passenger on a CTA bus, rather than the one-year limitations provision of section 41 of the Act.

Section 41 of the Act provides in pertinent part as follows:

"No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 70 ILCS 3605/41 (West 1996).

Plaintiff argues that her complaint was timely filed pursuant to section 13—211 of the Code, which sets forth a two-year statute of limitations for personal injury actions brought by minors, as follows:

"If the person entitled to bring an action, specified in Sections 13—201 through 13—210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal dis-

ability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed." 735 ILCS 5/13—211 (West 1996).

Section 13—202 of the Code, incorporated by section 13—211 above, provides a two-year statute of limitations for actions for personal injury. 735 ILCS 5/13—202 (West 1996). Thus, the Code provides a two-year limitations period for filing a personal injury action from the date of a minor's eighteenth birthday.

The relationship between section 41 of the Act and section 13—211 has not been previously addressed by this court. Prior to this time, in *Serafini v. Chicago Transit Authority*, 74 Ill. App. 3d 738, 393 N.E.2d 1120 (1979), this court addressed a conflict between the two-year limitations period for personal injuries set forth in section 21 of the former Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 1 *et seq.*), with the one-year limitations period in section 41 of the Act, and held that while the one-year limitations period of section 41 of the Act provides no exceptions in favor of minors:

"statutes general in their terms have been frequently construed to contain exceptions in favor of minors in cases in which the minor's meritorious cause of action would otherwise have been barred due to the neglect or incompetence of his next friend, guardian or parent filing suit on his behalf. [Citations]. It was under these circumstances that it was said that a minor should not be precluded from enforcing his rights unless clearly debarred from doing so by some statute or constitutional provision." *Serafini*, 74 Ill. App. 3d at 739.

In *Serafini*, this court relied on *Carlson v. Village of Glen Ellyn*, 21 Ill. App. 2d 335, 158 N.E.2d 225 (1959), which considered the applicability of section 1—10 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, ch. 24, par. 1—10) (Villages Act) to a suit filed by an injured minor's next friend one year and one day after the minor was injured on the CTA. Section 1—10 of the Villages Act provided a one-year statute of limitations for the commencement of a civil action for injuries. The *Carlson* court reversed the dismissal of the plaintiff's complaint, stating that the only effect of the shorter limitation period of the Villages Act on the general limitations was to substitute that shorter period in all actions for personal injuries against municipalities, leaving the exception as to infants in full force and effect.

The *Serafini* court noted that the *Carlson* court did not expressly hold that section 21 of the Limitations Act applied rather than section 1—10 of the Villages Act. The *Serafini* court thus construed *Carlson* as holding that the one-year limitations period of the Villages Act was tolled during the plaintiff's infancy and began to run after attaining majority. In light of *Carlson*, the *Serafini* court held that, "when a

minor is allegedly injured as a result of the negligence of the CTA, he has one year from the date of the injury or one year from the date of attaining majority, whichever is later, to commence his action." *Serafini*, 74 Ill. App. 3d at 741.

Plaintiff points out that at the time of *Serafini*, section 12 of the Limitations Act provided that statutes of limitations for personal injuries could only be commenced within the periods prescribed, "except when a different limitation is prescribed by statute." Ill. Rev. Stat. 1977, ch. 83, par. 13. In 1982, the Code was amended to remove the above-quoted supplanting language. Thus, actions now brought by minors are not subject to a different limitations period where another limitations period is prescribed by statute. Although plaintiff urges this court to overrule *Serafini* in light of the enactment of the Code of Civil Procedure in 1982, we decline to do so. The *Serafini* court merely held that the one-year period of section 41 was tolled only until the plaintiff attained majority. Thus, the action of the *Serafini* court was consistent with the limitations legislation applicable to that case at that time.

The first rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 595 N.E.2d 561 (1992). Our supreme court has noted that section 41 was enacted as a result of the CTA's status as the nation's largest mass transit carrier, the magnitude of the CTA's operations and its special duty to provide its passengers with the highest degree of care. The large volume of personal injury actions against the CTA therefore warranted a protective statute. *Fujimura v. Chicago Transit Authority*, 67 Ill. 2d 506, 368 N.E.2d 105 (1977); *Schuman v. Chicago Transit Authority*, 407 Ill. 313, 320, 95 N.E.2d 447 (1950).

Where two statutory provisions cover the same subject matter, the more specific statute governs. *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437, 610 N.E.2d 709 (1993). Plaintiff claims that section 13—211 of the Code is more specific than section 41 of the Act, since it concerns only those personal injuries sustained by minors, while section 41 of the Act deals with all personal injury claims against the CTA.

In support of her argument, plaintiff relies on cases interpreting the limitation provision of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1—101 *et seq.* (West 1996)), specifically, *Bertolis v. Community Unit School District No. 7*, 283 Ill. App. 3d 874, 671 N.E.2d 79 (1996), and *Halper v. Vayo*, 210 Ill. App. 3d 81, 568 N.E.2d 914 (1991). These cases both held that personal injury actions filed by students injured at school

were governed by the two-year limitations period prescribed in section 13—211 of the Code, rather than the one-year limitation period established by the Tort Immunity Act, because section 13—211 is more specific than the one-year statute of limitations provided in section 8—101 of the Tort Immunity Act. The *Bertolis* court concluded that section 13—211 of the Code addresses a specific class of plaintiffs (minors) as well as the nature of the injury, while section 8—101 of the Tort Immunity Act applies only to a given group of defendants and could encompass any type of civil action.

The CTA responds that *Wheatley v. Chicago Transit Authority*, 289 Ill. App. 3d 60, 682 N.E.2d 418 (1997), is dispositive. There, this court held that *Bertolis* and *Halper* were irrelevant to a case construing the relationship between section 13—214 of the Code with section 41 of the Act:

> "We do not find the cases cited by plaintiff helpful since they concerned the application of section 8—101 of the Tort Immunity Act. The Tort Immunity Act has broad application to thousands of public municipalities throughout the state and covers all types of civil suits against them. It is also applicable to all types of suits, including contract and property damage claims. Section 41 of the Metropolitan Transit Authority Act is much more specific than section 8—101 since it is only applicable to personal injury claims and only applicable to the CTA." *Wheatley*, 289 Ill. App. 3d at 65.

In *Wheatley*, this court held that the one-year limitations period of section 41 is more specific than the four-year limitations period specified in section 13—214, for actions arising out of a construction-related activity. *Wheatley* found that the terms of section 41 are comprehensive and do not distinguish between different types of personal injury claimants. The court determined that section 41 applies to only one entity, the CTA, and one type of action, personal injury lawsuits, while section 13—214 of the Code could be applied to many actions brought statewide by any person or entity being sued for a construction-related activity, including all actions based upon tort and contract. *Wheatley*, 289 Ill. App. 3d at 65.

We find *Wheatley* distinguishable from the present case, as it did not involve the claim of a minor. Whereas section 41 applies to *all* personal injury claims made against the CTA, section 13—211 applies to *only* those claims against the CTA made by minors. Section 13—211 is the more specific statute of limitations and is therefore controlling. Our decision is consistent with case law as well as public policy holding that minors are entitled to favorable treatment under the law. We therefore hold that plaintiff's cause was timely filed two years after she attained the age of majority.

For the reasons stated herein, we therefore reverse the judgment of the trial court and remand this matter to reinstate the plaintiff's claim.

Reversed and remanded.

GREIMAN and ZWICK, JJ., concur.