THE CITY OF CHICAGO, Defendant in Error, *vs.* THE BOWMAN DAIRY COMPANY, Plaintiff in Error.

*Opinion filed April 23, 1908—Rehearing denied June 4, 1908.*

1. MUNICIPAL CORPORATIONS—*ordinance regulating bottles used in selling milk is valid.* A city ordinance requiring every glass bottle or jar in which milk is sold to have its capacity permanently and legibly indicated upon the bottle or jar, and fixing a penalty for using bottles or jars of less capacity than they purport to contain, is a valid exercise of the police power of the city to prevent fraud and imposition in the sale of milk.

2. SAME—*when milk bottle ordinance is not special legislation.* The fact that an ordinance requiring certain milk receptacles to have their capacity plainly indicated thereon applies only to persons selling milk in glass bottles or jars, and not to persons selling milk in other receptacles or to persons selling other liquids in bottles or jars, does not make the ordinance special legislation.

}

3. SAME—*person may be deprived of his property by exercise of police power.* The fact that a proper police ordinance regulating the sale of milk in glass bottles or jars has the effect to deprive a person of the use of glass bottles or jars he had on hand when the ordinance was passed does not render the ordinance invalid, since property may be destroyed under a proper exercise of police power without compensation to the owner.

4. SAME—*fact that milk dealer did not know his bottles did not conform to ordinance is no defense.* The fact that a milk dealer did not know that the bottles he was using in selling milk contained a less quantity than they purported to contain is no defense to a prosecution for violating an ordinance fixing a penalty for using bottles of that description.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding.

This was an action of debt commenced in the municipal court of the city of Chicago against the Bowman Dairy Company to recover the penalty imposed by section 2479 of the revised municipal code of the city of Chicago of 1905, as amended June 11, 1906, and September 3, 1907, for having in its possession bottles for the purpose of containing milk or cream to be sold, or offered for sale, of less capacity than said bottles purported to contain, which section of said ordinance provides (1) no person or corporation shall, after October 1, 1907, sell or offer for sale within the city of Chicago any milk or cream in bottles or in glass jars unless each of said bottles or glass jars in which said milk or cream is sold or offered for sale shall have blown into it, or otherwise indelibly and permanently indicated thereon, in a legible and conspicuous manner, the capacity thereof; (2) the inspector of weights and measures of the city of Chicago shall have the right, at any time, to examine any bottle or glass jar in which milk or cream is sold or offered for sale in the city of Chicago, or which is used by any person or corporation for the purpose of containing milk or cream to be sold or offered for sale, in order to ascertain whether

such bottle or jar is of a capacity less than that which it purports to be;  (3) and if any such bottle or jar is of a less capacity than that which it purports to be, or if any such bottle or jar shall not have blown into it or otherwise indelibly and permanently indicated thereon, in a legible and conspicuous manner, its capacity, as aforesaid, the person or corporation selling or offering for sale milk or cream in any such bottle or jar, or having in his or its possession any such bottle or jar to be used, or which has been used, for the purpose of containing milk or cream to be sold or offered for sale in said city of Chicago, shall be fined not less than $5 nor more than $100 for each offense;  (4) each and every bottle or glass jar found in the possession of any person or corporation used or to be used, or which has been used, by such person or corporation for the purpose of containing milk or cream to be sold or offered for sale in the city of Chicago, which shall be found to be of a less capacity than that blown into the same or otherwise so indelibly and permanently indicated thereon, or which shall not have blown into it or otherwise indelibly and permanently indicated thereon, in a legible and conspicuous manner, the capacity, as aforesaid, shall constitute a separate and distinct offense on the part of such person or corporation.

The defendant was charged with having in its possession, in the city of Chicago, on the 25th day of November, 1907, one glass bottle which purported to contain one quart but the capacity of which was less than one quart, and at the same time and place with having in its possession two glass bottles which purported to contain one pint each but the capacity of each of which bottles was less than one pint, and that the defendant, at said time and place, was using each of said bottles, and intended to use each of said bottles, for the purpose of holding or containing milk or cream which defendant had sold or was offering for sale or intending to sell in the city of Chicago.  The defendant, on being served with process, appeared and pleaded not guilty.

It appeared from the evidence that the defendant was engaged in the business of handling milk and cream in the city of Chicago; that two deputy city inspectors of weights and measures, on the 25th day of November, 1907, called at the business place of the defendant, in the city of Chicago, and stated to its manager that they were from the city sealer's office and that they wanted to test some of the bottles that were in use by the defendant; that the manager sent an assistant for bottles, who returned with a number of pint and quart bottles; that the inspectors tested said bottles in the presence of the manager and found several of them to hold less in amount than was indicated upon the outside of the bottles.

The defendant, at the close of all the evidence, moved the court to find the defendant not guilty and to dismiss the case, which motion the court overruled, and without the intervention of a jury rendered a judgment against the defendant, on the three charges, for $150 and costs of suit, and the defendant has sued out this writ of error.

RITSHER, MONTGOMERY, HART & ABBOTT, for plaintiff in error.

GEORGE H. WHITE, (HENRY M. SELIGMAN, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is contended by the defendant that the ordinance for a violation of which it was convicted is unconstitutional in this: that it deprives it of its property without due process of law and is special legislation.

We think the ordinance can be sustained as an exercise of the police power of the city of Chicago. The police power is said to be an attribute of sovereignty and to ex-

ist without any reservation in the constitution, and to be founded upon the duty of the State to protect its citizens and to provide for the safety and good order of society. (22 Am. & Eng. Ency. of Law,—2d ed.—p. 918.) In *Hawthorn* v. *People,* 109 Ill. 302, it was held that the statute requiring the operators of butter and cheese factories on the co-operative plan to give bonds to protect their patrons was valid, as a proper exercise of the police power of the State; and in *McPherson* v. *Village of Chebanse,* 114 Ill. 46, that an ordinance prohibiting persons from keeping open their places of business in a city or village for the purpose of vending goods, wares and merchandise on Sunday was a proper exercise of the police power of such city or village; and in *Booth* v. *People,* 186 Ill. 43, that section 130 of the Criminal Code, which declares grain option contracts to be gambling contracts, was a valid police regulation and sustainable as such; and in *City of Chicago* v. *Gunning System,* 214 Ill. 628, on page 635, it was said: "The police power of the State is that inherent or plenary power which enables the State to prohibit all things hurtful to the comfort, safety and welfare of society, and may be termed 'the law of overruling necessity.' (*Town of Lake View* v. *Rosehill Cemetery Co.* 70 Ill. 191; *Wabash, St. Louis and Pacific Railway Co.* v. *People,* 105 id. 236.) Anything which is hurtful to the public interest is subject to the police power and may be restrained or prohibited in the exercise of that power. (*Dunne* v. *People,* 94 Ill. 120; *Cole* v. *Hall,* 103 id. 30; *Harmon* v. *City of Chicago,* 110 id. 400.) All rights, whether tenable or untenable, are held subject to this police power.—*Northwestern Fertilizing Co.* v. *Village of Hyde Park,* 70 Ill. 634." In *People* v. *Wagner,* 86 Mich. 594, an ordinance providing that all bread manufactured by the bakers of the city of Detroit for sale should be made into loaves of one, two and four pounds' weight was held to be a valid exercise of the police power. The court, on page 600, said: "The police power of a State is not confined to

regulations looking to the preservation of life, health, good order and decency; laws providing for the detection and prevention of imposition and fraud, as a general proposition, are free from constitutional objection.—Tied. Lim. sec. 89, p. 208." And in *Hawthorn* v. *People, supra*, on page 311, the court, in discussing the question whether the statute then under consideration fell within the exercise of the police power of the State, said: "It is said that this is not a police regulation. That may be true if the term were confined merely to the protection of the health and morals of the people. The term has a much more comprehensive meaning. It has been defined to be: 'The regulation and government of a country or city, so far as it regards its inhabitants;' also, 'The laws, ordinances and other measures which require the citizens to exercise their rights in a particular form.' It is true, there are other and more limited meanings of the word, and when it is said that there are other limits to its exercise than the constitution, it has reference to the more restricted meaning of the term. When exercised by the legislature in its more comprehensive sense, in the passage of laws for the protection of life, liberty and property or laws for the general welfare, the only limitations to restrain its action must be found in the constitution. This, in the larger sense, is an exercise of the police power by the General Assembly and falls fully within legislative power, and sustains the enactment under consideration." And under the police power of the State it is held "weights and measures are established." (Cooley's Const. Lim.—2d ed.—p. 596; *State* v. *Wilson*, 61 Kan. 32.) It is said the police power of the State may, in the absence of any constitutional restrictions upon the subject, be delegated to the various municipalities throughout the State, to be exercised by them within the corporate limits. 22 Am. & Eng. Ency. of Law,—2d ed.— p. 919.

Milk and cream are articles of general consumption. They are usually sold by the pint or quart, and while each

transaction involves but a few cents, the number of such transactions in a large city like Chicago daily reaches a large sum. The opportunities for fraud in their sale are great, and the ordinary legal remedy afforded the individual consumer to protect himself against fraud or deceit is wholly inadequate. Clearly, therefore, an ordinance like the one under consideration is valid and is not obnoxious to any of the provisions of the State or national constitution.

Neither does the fact, we think, that the ordinance does not apply to all persons who vend substances in liquid form or to all persons who engage in the business of selling milk or cream in the city of Chicago make the ordinance void, as special legislation. The ordinance, as framed, applies to all persons who sell milk or cream in bottles or glass jars in the city of Chicago, and in the fullest sense is general in its terms. In *Hawthorn* v. *People, supra,* on page 311, it was said: "It (the statute) embraces all persons in the State similarly engaged. If all laws were held unconstitutional because they did not embrace all persons, few would stand the test. * * * A law is general, not because it embraces all of the governed, but that it may, from its terms, when many are embraced in its provisions, and all others may be when they occupy the position of those who are embraced." And in *Gundling* v. *City of Chicago,* 176 Ill. 340, it was held that the city council of Chicago might pass an ordinance regulating the sale of cigarettes under the exercise of its police power, and that the ordinance was not void, as special legislation, by reason of the fact that it did not require a license to sell tobacco in all its forms in said city but subjected only tobacco to regulation put up in the form of cigarettes.

It is also urged that the defendant is deprived of its property in the bottles which it had on hand at the time the ordinance went into effect on October 1, 1907. The exercise of the police power differs from the exercise of the right of eminent domain. Under the right of eminent do-

main property cannot be taken or damaged without compensation, but under the police power it may be destroyed and the owner left remediless. (22 Am. & Eng. Ency. of Law,—2d ed.—p. 916.) In the *Booth case*, on page 48, it was said: "In the exercise of this power the General Assembly may, by valid enactments,—*i. e.*, 'due process of law,'—prohibit all things hurtful to the comfort, safety and welfare of society, even though the prohibition invade the right of liberty or property of an individual. (18 Am. & Eng. Ency. of Law, 739, 740; *Town of Lake View* v. *Rose Hill Cemetery Co.* 70 Ill. 191.) * * * It is not without the power of the General Assembly, in the proper exercise of the police power, by an enactment otherwise valid, to declare that unlawful which was theretofore lawful, even if the act so condemned be an attribute of the right of liberty or property guaranteed to the citizen by the constitutional provisions under consideration."

It is also said that the evidence does not show that the defendant knowingly had bottles in its possession which had less capacity than the amount indicated on their outside. The evidence showed the defendant had bottles for use in its business in its possession which held less than the markings on the outside showed they would hold. This proof was sufficient to show a violation of the ordinance, and the defendant could not excuse itself by saying that it had neglected to inform itself of the size of the bottles which it had in its possession.

The defendant has urged other reasons for a reversal, but we think them without force.

The judgment of the municipal court of Chicago will be affirmed.                    *Judgment affirmed.*