THE CITY OF CHICAGO, Plaintiff in Error, vs. ELIAS DRO-
GASAWACZ, Defendant in Error.

*Opinion filed October 26, 1912—Rehearing denied Dec. 4, 1912.*

1. MUNICIPAL CORPORATIONS—*city possesses no inherent power
to license any occupation.* A city possesses no inherent power to
license any occupation, but such power must be expressly granted
in its charter or be a necessary incident to the powers so granted.

2. SAME—*city of Chicago had power to pass the Chicago "bak-
ery" ordinance.* The term "other provisions," used in clauses 50
and 53 of section 1 of article 5 of the Cities and Villages act,
includes bakery products, and as the city is authorized by said
clauses to regulate the sale of such products it has power to li-
cense bakeries in connection with their regulation.

3. SAME—*the city of Chicago had power to impose the sanitary
regulations prescribed in the "bakery" ordinance.* The city of
Chicago had power, under clause 78 of section 1 of article 5 of
the Cities and Villages act, to impose the sanitary restrictions
prescribed by the Chicago "bakery" ordinance, for the preserva-
tion of the health of the community and suppression of disease.

4. SAME—*the Chicago "bread" ordinance and Chicago "bak-
ery" ordinance are not in conflict.* The passage of the "bread"
ordinance by the city of Chicago did not exhaust its power to
regulate the sale of bakery products but it had power to subse-
quently enact the "bakery" ordinance, which is not in conflict with
the "bread" ordinance but can be enforced in harmony with it.

5. SAME—*what does not render Chicago "bakery" ordinance in-
valid.* The fact that the Chicago "bakery" ordinance empowers
the commissioner of health to determine whether a bakery license
shall be granted and authorizes the mayor to revoke such license
if the provisions of the ordinance are not complied with does not
render the ordinance invalid, as granting them arbitrary power.
(*Gundling* v. *City of Chicago,* 176 Ill. 340, followed.)

WRIT OF ERROR to the Municipal Court of Chicago; the
Hon. JUDSON F. GOING, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, and JAMES
S. McINERNEY, City Prosecuting Attorney, (EDWIN J.
RABER, of counsel,) for plaintiff in error.

D. B. Brillow, for defendant in error.

Mr. Justice Carter delivered the opinion of the court:

This is a case of the fifth class, brought by the city of Chicago in the municipal court of that city against Elias Drogasawacz for operating and maintaining a bakery without first obtaining a license under section 2 of a certain ordinance for regulating and licensing bakeries. Upon motion of defendant in error the summons was quashed and the suit dismissed, the trial court holding that the city authorities had no power to pass the ordinance. The validity of a municipal ordinance being involved, the trial judge certified that in his opinion the public interests required that the case should be brought directly to this court.

The ordinance in question defines a bakery as "any place used for any purposes of mixing, compounding or baking, for sale or for purposes of a restaurant, bakery or hotel, any bread, biscuits, pretzels, crackers, buns, rolls, macaroni, cake, pies, or any food product of which flour or meal is a principal ingredient," etc. A license fee of five dollars was required, and the ordinance further provided, among other things, for ventilation; light; cleanliness of the premises, employees and machinery; plumbing and screens; that no persons afflicted with certain diseases should be employed; that basement bakeries must have cement or other impervious material for floors; that storage rooms must be kept dry; that no person should sleep in a bakery or in rooms where the flour and meal were stored; that the use of tobacco or spitting on the floor in the bakery was not permitted. Additional requirements as to the size of buildings and rooms of new bakeries are also found in the ordinance.

The principal contention in this case is whether the city of Chicago has been given the power, under the Cities and Villages act, to enact this ordinance. A city possesses no inherent power to license any occupation. That power

must be expressly granted in its charter or be a necessary incident to the powers so granted. (*Wilkie* v. *City of Chicago,* 188 Ill. 444; 1 Dillon on Mun. Corp.—5th ed.—sec. 237.) It is conceded that the State legislature has the power to pass any law not contravening some provision of the State or Federal constitution, and that the legislature may delegate to municipal authorities such power as that sought to be exercised in this ordinance, (*City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264,) but it is insisted by defendant in error that the legislature has not, thus far, granted to municipalities in this State the power here attempted to be exercised. The plaintiff in error has been granted the power, in section 50 of paragraph 62 of the Cities and Villages act, "to regulate the sale of meats, poultry, fish, butter, cheese, lard, vegetables, and all other provisions, and to provide for place and manner of selling the same;" and in section 53 of the same paragraph the power "to provide for and regulate the inspection of meats, poultry, fish, butter, cheese, lard, vegetables, cotton, tobacco, flour, meal and other provisions." Manifestly, the phrase "other provisions," in these two sections, in the connection used, includes the bakery products covered by the ordinance here in question, such products being articles of the same character as those specifically enumerated. (*Salt Lake City* v. *Howe,* 106 Pac. Rep. [Utah] 705; 32 Cyc. 742.) The power to regulate confers the power to license. (*Kinsley* v. *City of Chicago,* 124 Ill. 359; *Chicago Packing Co.* v. *City of Chicago,* 88 id. 221; *Gundling* v. *City of Chicago,* 176 id. 340; 2 Dillon on Mun. Corp.—5th ed.—sec. 665.) Clearly, by its terms this ordinance is not a revenue measure, but one to regulate bakeries in said city, the sale of the food products therein and the sanitary conditions under which they are produced.

The contention that the passage of the bread ordinance, the constitutionality of which was upheld by this court in *City of Chicago* v. *Schmidinger,* 243 Ill. 167, exhausted

plaintiff in error's power to regulate bakeries cannot be sustained.  The provisions of the bread ordinance are not in conflict with the ordinance here in question.  On the contrary, the regulations of the two ordinances can be enforced in harmony to protect and promote the comfort, health and welfare of the community.

Plaintiff in error has the power, under section 78 of paragraph 62 of the Cities and Villages act, "to do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease." One of the most important of police powers is that of caring for the health of a community.  Not only under sections 50 and 53, but also under this provision of the Cities and Villages act, plaintiff in error was authorized to pass the ordinance in question.  *Kinsley* v. *City of Chicago, supra; City of St. Louis* v. *Liessing,* 190 Mo. 464; *Gundling* v. *City of Chicago, supra;* 2 Dillon on Mun. Corp.— 5th ed.—secs. 666, 703; *City of Chicago* v. *Bowman Dairy Co.* 234 Ill. 294.

It is contended by defendant in error that cities do not have authority to pass the sanitary provisions provided for in the ordinance here in .question, as that subject is fully covered by paragraphs 40 to 49, inclusive, of chapter 127*b*, (Hurd's Stat. 1911, p. 2225,) with reference to the inspection of establishments where food is prepared, manufactured, packed, stored, distributed or sold.  Municipal ordinances must be in harmony with the general laws of the State, (*City of Chicago* v. *Union Ice Cream Manf. Co.* 252 Ill. 311,) but this ordinance does not in any way conflict with the State law.

The further contention is made that the ordinance is void because it delegates to the commissioner of health the power to determine whether the license should be granted, and to the mayor the power to revoke the license if the provisions of the ordinance are not complied with.  This same argument was made with reference to similar provi-

sions of an ordinance in *Gundling* v. *City of Chicago, supra,* and this court in that case held that such a provision did not render the ordinance void, as did also the Supreme Court of the United States in *Gundling* v. *City of Chicago,* 177 U. S. 183.

The ordinance in question was within the powers granted to the city authorities under the Cities and Villages act and does not contravene any provision of the State or Federal constitution. The judgment of the municipal court of Chicago will therefore be reversed and the cause remanded for further proceedings in harmony with the views herein stated.                    *Reversed and remanded.*