(No. 19168.—

THE VILLAGE OF KINCAID, Appellant, *vs.* LOUIS VECCHI, Appellee.

*Opinion filed December 20, 1928.*

EDWARD E. ADAMS, for appellant.

HARRY B. HERSHEY, and W. S. GREER, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellee, Louis Vecchi, was arrested on a warrant issued by the police magistrate of the village of Kincaid, charging him with a violation of an ordinance of the village by selling soft drinks without first having obtained a license so to do. A jury trial resulted in favor of appellee and he was ordered discharged. The village appealed to the circuit court of Christian county, where a trial before the court without a jury resulted in a finding in favor of appellee and judgment was entered accordingly, from which judgment the village has appealed to this court, the trial judge certifying that the validity of an ordinance was involved and that public interest required that the appeal be prosecuted directly to this court.

The cause was heard on a stipulation, by which it was agreed that appellee, at the time of the filing of the complaint against him, was one of the proprietors and managers of a bottling works manufacturing soda water and a drink called "pop," and, without obtaining a license so to do, sold

pop and soda water at retail within the village. It was also agreed that the board of trustees of the village regularly passed the ordinance in question; that it was regularly approved by the president of the board of trustees, published as required by law and has never been repealed, and, if valid, was in force at the time of the action against the defendant.

Section 1 of the ordinance is as follows: "That any person desiring to engage in the business or occupation of a dealer or vendor of soft drinks shall obtain a license therefor in the manner hereinafter provided, and any person who shall, by himself, agent, clerk, servant or employee, sell or exchange, give away or otherwise dispose of any soft drinks in the village of Kincaid without first having obtained a license therefor under the provisions of this ordinance, shall be subject to a fine of not less than $25 nor more than $200 for each offense." Section 2 reads: "The words 'soft drinks' as used in this ordinance shall be held to signify any substance or concoction in liquid form, not in fact intoxicating, having a recognized and customary use as a beverage." Section 3 relates to the manner of applying for and issuing of a license, and provides, among other things, that "any license granted under the provisions of this ordinance shall authorize the licensee thereof to carry on said business only in the room or building specified in the application therefor." Section 4 provides for a license fee of $75 per annum, payable quarterly in advance. Section 5 provides the form of the license. Section 6 provides rules and regulations for the conduct of the business, etc.

It is to be noted that the penalty provided by section 1 is not for the engaging in the business of selling soft drinks, but is a penalty for the selling, exchanging, giving away or otherwise disposing of any substance or concoction in liquid form, not in fact intoxicating, having a recognized and customary use as a beverage. The language is broad enough to cover the giving away of a drink of tea, coffee, ice cream soda, lemonade, ginger ale, and many other similar harm-

less drinks. It is also to be noted that by the provision of the ordinance which limits the carrying on of the business "in the room or building specified in the application," all open-air stands, which are common at public gatherings, for the sale of lemonade and other drinks at picnics and open-air church festivals, are prohibited.

The only question involved in this case is the validity of the ordinance. Appellant contends that the ordinance is valid, while appellee contends that the village has no power to require a license for the sale of soft drinks, and, even if such power existed, the ordinance is an unreasonable exercise of such power.

The passage of the ordinance was an exercise of legislative function. All legislative power is vested in the General Assembly, subject to' the restrictions contained in the State constitution and the constitution of the United States. Every subject within the scope of civil government which is not within some constitutional inhibition may be acted upon by it. (*People* v. *City of Chicago,* 321 Ill. 466.) A city or village is a municipal corporation of statutory creation, having only such limited powers of legislative enactment as are conferred upon it by the law of its creation. Statutes granting powers to municipal corporations are strictly construed, and any fair and reasonable doubt as to the existence of the power must be resolved against the municipality. (*Aberdeen-Franklin Coal Co.* v. *City of Chicago,* 315 Ill. 99.) A municipality possesses no inherent power but its existence and its power are derived from the General Assembly, and in order to legislate upon or in reference to a particular subject or occupation it must be able to point out the statute which gives it the power to do so. The express enumeration in section 1 of article 5 of the Cities and Villages act of the occupations or businesses, not nuisances *per se,* over which a city or village is given control is the exclusion of all other occupations or businesses. *City of Rockford* v. *Nolan,* 316 Ill. 60.

In attempting to perform the duty incumbent upon it to point out the source of its power to enact the ordinance in question, appellant calls attention to sub-sections 45, 46, 48, 58, 59, 66, 75, 76, 78, 83 and 102 of section 1 of article 5 of the Cities and Villages act. An inspection of these various sub-sections reveals the fact that none of them except sub-section 46 has any bearing whatever on the subject of the licensing of the business of dealing in soft drinks. This sub-section, among other things, contains the following: "To license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor." In *City of Chicago* v. *Murphy,* 313 Ill. 98, it was held that under this provision a city or village was empowered to license, regulate or prohibit the sale of "malted, cereal or vinous non-intoxicating beverages as defined by law." In that case, however, it is expressly stated that "the power of the city council under consideration in this case is the power to license and regulate the so-called soft drink parlors, which have taken the place of saloons, and not the power to license soda fountains and the sale of soft drinks, carbonated beverages, fruit juices, water, milk, buttermilk, chocolate, tea, bouillon or such other beverages." In the instant case appellee is charged with a violation of the ordinance by the selling of soda water and pop. It is not claimed by appellant that either soda water or pop is an intoxicating, malt, vinous, mixed or fermented liquor, and it is a well recognized fact that neither of them falls within such classification.

Appellant has not called our attention to any case in this State holding that a city or village has power to license the business of selling non-intoxicating drinks other than as enumerated in sub-section 46. It has, however, called our attention to decisions of courts of last resort in some other States holding that in those States cities and villages have such power. A reading of those cases elicits the fact that in nearly every instance the power exercised was expressly

given to the city by its charter or was a necessary incident in carrying into effect powers expressly given. In some instances the cities had been given general power to license and regulate business; in others, to license businesses for the purpose of raising revenue. In this State a city or village possesses no inherent power to license any occupation or to require the payment of a tax for the privilege of engaging in the same. No such general power has been delegated which warrants the imposition of a license fee solely for the purpose of raising revenue. *City of Chicago* v. *Drogasawacz*, 256 Ill. 34; *Aberdeen-Franklin Coal Co.* v. *City of Chicago, supra.*

It is contended by appellant that the passage of the ordinance in question comes within the police power. The police power of the State extends to the protection of the lives, limbs, health, comfort and quiet of all persons and of all property within the State. The State has not, however, by the Cities and Villages act delegated to cities and villages all the police power of the State, but it has only given them the power to pass and enforce all police ordinances which may be necessary with reference to the subjects and occupations which, by specific clauses of the section specifying the delegated powers of municipalities, such municipalities are given express authority to regulate and control. To sustain an ordinance as an exercise of the police power it must tend in some degree, within the authority of the municipality, toward the prevention of offenses or the preservation of the public health, morals, safety or welfare and be actually intended for such purpose, and if the ordinance has no reasonable relation to any of the subjects over which municipalities are given the authority of regulation and control, it is invalid as an unauthorized invasion of private rights. (*Consumers Co.* v. *City of Chicago*, 313 Ill. 408.) In the instant case the power to pass ordinances like the one in question has not been expressly delegated by the legislature to cities and villages, nor is it necessarily im-

592

plied in or incident to the powers expressly granted, nor is its enactment essential to the accomplishment of the declared objects and purposes of the municipality. Neither does it appear that the ordinance has any reasonable relation to any of the subjects of which cities and villages are given the authority of regulation and control. It is therefore invalid as an unauthorized invasion of private rights, and the circuit court properly so held.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*