(No. 3137— ▮)

ANNIE NOLAN, WIDOW OF WILLIAM LEON NOLAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

DAVID ALSWANG, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

The claimant, Annie Nolan, is the widow of William Leon Nolan, who, in his lifetime, was employed by respondent at the Illinois Industrial Home for the Blind, at Chicago, Illinois.

On August 18th, 1937 said William Leon Nolan, who was then seventy-eight (78) years of age, and totally blind, was working in the broom factory operated by respondent in connection with said Illinois Industrial Home for the Blind. He was employed on the second floor of the building, and apparently intended to go to the floor below. In so doing he missed his footing and fell down the stairs, whereby he sustained injuries from which he died on September 1st, 1937.

It is conceded that sharp cutting tools were used in connection with the work done at such broom factory; that the accident in question arose out of and in the course of the employment of said decedent; that his superior officer had immediate notice of the accident; and that claim for compensation was made within the time required by the Workmen's Compensation Act.

Claimant asks for an award under the terms and provisions of the Workmen's Compensation Act of this State. Re-

spondent contends that said William Leon Nolan was not an "employee of the State" within the meaning of those words as used in the Compensation Act, and that therefore claimant is not entitled to an award.

Section Three (3) of the Workmen's Compensation Act provides that the Act shall apply automatically and without election to "all employers and all their employees" engaged in any department of the enterprises or businesses there enumerated.

Section Five (5) of such Act defines the term "employee", and provides that: "the term 'employee' as used in this Act shall be construed to mean: First: Every person in the Service of the State  *  *  *  under appointment or contract of hire, express or implied, oral or written, *except any totally blind person."  *  *  *

Second: Every person in the service of another under any contract of hire, express or implied, oral or written  *  *  *  *but not including any totally blind person,"* etc.

Claimant contends that the clause excepting any totally blind person is unconstitutional; that the elimination of totally blind persons as employees is an unreasonable discrimination, and is in violation of Section Two (2) of Article Two (2), and of Section Twenty-two (22) of Article Four (4) of the Constitution of this State, which sections are more commonly known as the "Due Process" clause and the "Special Legislation" clause of the Constitution; that by reason thereof the claimant should be allowed an award as an employee under the provisions of the Act.

Our Supreme Court has had occasion in numerous instances to consider the aforementioned constitutional provisions. It is well settled that a statute which arbitrarily classifies individuals and subjects them to peculiar rules or imposes upon them special burdens and obligations from which other individuals similarly situated are exempt, is in violation of the Constitution.

It is also well settled that such constitutional provisions do not prohibit reasonable classifications for legislative purposes, and a statute cannot be considered "class legislation" merely because it affects one class and not another, provided it affects all members of the same class alike.

In the case of *Casparis Stone Co.* vs. *Ind. Board,* 278 Ill. 70, our Supreme Court, in passing upon the constitutionality

of the Workmen's Compensation Act of this State, on page 80 said:

"Under the doctrine of equal protection of the laws class legislation is prohibited by the Federal constitution, but there is no prohibition against a reasonable classification of persons and things for the purpose of legislation. *(Gulf, Colorado and Sante Fe Railway Co.* vs. *Ellis,* 165 U. S. 150.) Such classification, however, must not be capricious or arbitrary but must be reasonable and natural and based upon some principal of public policy; but if the classification is not wholly unreasonable and arbitrary and the statute is uniform in its operation on all the members of the class to which it is made applicable, no one is denied the equal protection of the laws guaranteed by the Federal constitution. *(American Sugar Refinery Co.* vs. *Louisiana,* 179 U. S. 89; 6 R. C. L. 374, 379, 379.) In the exercise of its power to make classifications for the purpose of enacting laws over matters within its jurisdiction the State is permitted a wide range of discretion. The question of classification is primarily for the State legislature, and only becomes a judcial question when the legislative action is clearly unreasonable. *(Magoun* vs. *Illinois Trust and Savings Bank,* 170 U. S. 283.) The provisions of the constitution with reference to due process of law and equal protection of the law merely require that all persons subjected to such legislation shall be treated alike under like circumstances and conditions. *(Central Lumber Co.* vs. *South Dakota,* 226 U. S. 157.) The reasoning of these decisions as to classifications under the various State laws has been repeatedly approved by this court. *(City of Chicago* vs. *Bowman Dairy Co.,* 234 Ill. 294; *City of Chicago* vs. *Schmidinger,* 243 Ill. 167; *Ritchie & Co.* vs. *Wayman,* 244 id. 509; *People* vs. *Henning Co.,* 260 id. 554.) We think the classification provided for in this law bears a reasonable relation to the objects sought to be accomplished and is uniform as to all members of the class to which it is made applicable, and that the law is not unconstitutional because of such classification."

In the case of *People* vs. *City of Chicago,* 337 Ill. 101, it was contended that Section 12 of the Civil Service Act relating to cities, was unconstitutional in that it denied laborers the right to a hearing before their discharge from employment, whereas other persons coming under the provisions of the Act were entitled to such hearing. In that case the Supreme Court, on page 104, said:

"It may not be doubted that a law applicable only to one class of individuals must rest upon some actual, substantial difference between that class and other individuals of the State or community when considered with reference to the purposes of the legislation. It is necessary that there be a basis in reason and principle for regarding such class of individuals as a distinctive or separate class. The fact that the act discriminates against an individual or group is not of itself sufficient to render it invalid. Such discrimination, to violate constitutional guaranties, must be unreasonable and wanting in that basis required by law. A class may not be created by the arbitrary declaration of an act of the legislature and endowed with special legislative favors or subjected to special burdens. The classification, in such

instance, must be based on a substantial and reasonable distinction in the situation and circumstances of the individuals who are embraced therein from those not so included, and the ground of such classification and distinction must have relation in reason and in principle to the privileges or burdens proposed to be granted to or laid upon such individuals as a class by the proposed legislation."

In the case of *Crews* vs. *Lundquist,* 361 Ill. 194, in considering the same question, our Supreme Court, on page 197, said:

"In considering the reasonableness of the classification made by the General Assembly, courts will not attempt to assert their judgment on that matter as against the judgment of the General Assembly, nor refuse to uphold legislation merely on the ground that their judgment in this regard differs from that of the General Assembly. An act of the General Assembly is not to be regarded as class legislation merely because it affects one class and not another, provided it affects all members of the same class alike. Classification of persons or objects for purposes of legislative regulation is not open to constitutional objection if it be not arbitrary but is based upon some substantial difference bearing proper relation to the classification."

In the case of *The People* vs. *Ladwig,* 365 Ill. 574, the court, in considering the "due process" clause, said on page 585:

"Whether an act is open to the charge that it denies equal protection of the laws depends, not on whether the parties affected have been discriminated against, but whether there is a reasonable basis for the classification made by the statute".

In the case of *Punke* vs. *Village of Elliott,* 364 Ill. 604, the court, in discussing the question here involved, said on page 611:

"The classification of objects and subjects for legislative purposes rests in the legislative department. It is permitted a wide range of discretion in the exercise of such power. *(Magoun* vs. *Illinois Trust and Savings Bank,* 170 U.S. 283, 42 L. ed. 1037). The judicial department may not interfere with such classification when made unless it is clearly unreasonable. *(Casparis Stone Co.* vs. *Industrial Board,* 278 Ill. 77.) Nor is it necessary that classification be accurate, scientific, logical or harmonious, so long as it is not arbitrary and will accomplish the legislative design."

There are numerous other decisions of our Supreme Court to the same effect. The difficulty arises not in stating the principles of law, but in the application of such principles.

It therefore becomes necessary to consider whether there was some substantial reason for the classification made by the

legislature or whether such classification was entirely arbitrary.

The provision of the Compensation Act under consideration was inserted in such Act by an amendment effective July 1st, 1929. In considering such amendment, Angerstein in his work on The Compensation Act, 1930 edition, page 304, Section 139, says:

> "By amendment to Section 5, effective July 1, 1929, to the first paragraph of Section 5, any totally blind person is specifically excepted in the construction of the term "employee". Any such person therefore, employed in the service of the State, county, city * * * is not an employee within the meaning of the act and in the event of accidental injury or death arising out of and in the course of employment would not be entitled to compensation. A similar amendment was made at the same time to the second paragraph of Section 5 so that any totally blind person is not an employee under the act or entitled to compensation.

> "There are of course no cases construing this provision and the only plausible reason for such amendment probably is that the legislature must have considered that with such an amendment a person totally blind might be more apt to secure some employment and earn some wage or remuneration, whereas without such amendment it would be highly improbable that any employer would give employment to any such person because of the great risk of accidental injury. It might also have been considered that if any such person had become totally blind as a result of accidental injury arising out of and in the course of his former employment he would have been entitled to a permanent total disability award in such case".

Notwithstanding the fact that the amendment in question worked a hardship in the present case, we cannot escape the conclusion that such amendment was enacted for the purpose of benefitting totally blind persons, and enabling them to obtain employment which, in all probability, they would otherwise be unable to obtain; that such amendment does not constitute an arbitrary and unreasonable classification, but was based upon what the legislature apparently considered good and sufficient reasons.

We therefore hold that the amendment in question is not subject to the objections here urged against it; that claimant's intestate was not an employee of the State within the meaning of those words as used in the Workmen's Compensation Act; and that therefore claimant is not entitled to an award under the provisions of such Act.

Award will therefore be denied and the case dismissed.