## City of Chicago, Appellee, v. Adolph F. Michalowski, Appellant.

### Gen. No. 42,518.

Opinion filed April 20, 1943. Rehearing denied May 4, 1943.

W. G. ANDERSON and JAY J. McCARTHY, both of Chicago, for appellant; FRANCIS J. CALLAHAN, of Chicago, of counsel.

BARNET HODES, Corporation Counsel, for appellee; JAMES A. VELDE and ALPHONSE CERZA, Assistant Corporation Counsel, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Dr. A. E. Lowinger, in the name of the City of Chicago, presented a complaint in the municipal court charging defendant, Adolph F. Michalowski, with having violated (1) section 93–10 of the Municipal Code making it unlawful to move a dead human body without first securing a permit from the Board of Health, and (2) section 181–1 of the code making it unlawful to engage in the undertaking business without first securing a license from the city. Defendant waived trial by jury, and pursuant to a hearing by the court he was found guilty of violating the ordinances as charged, and fined $200 and costs. On certification by the court that the cause involved the constitutionality of two ordinances, defendant perfected a direct appeal to the Supreme Court of Illinois, which transferred the cause to the Appellate Court without an opinion, thus eliminating from consideration any of the constitutional questions presented.

The only remaining question is whether the issuance of a State license to a funeral director precludes the city from requiring a license for the same occupation. Under paragraphs 73.1 to 73.31, ch. 111½, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 44.17(1) to 44.17(31)], it became unlawful for any person to practice funeral directing after January 1, 1936 without a certificate of registration issued by the State Department of Registration and Education. The qualifications prescribed for a person qualified to receive a certificate as a registered funeral director were a minimum age limit of 21 years, good moral character and temperate habits, and a satisfactory examination conducted by the department to determine his fitness.

There was a proviso, however, that "any person of good moral character and temperate habits who was engaged in the practice of funeral directing in the State of Illinois, on July 1, 1935, shall be issued a certificate of registration . . . upon application therefor, prior to July 1, 1936, without examination and without complying with the other provisions" of the section.

The gravamen of defendant's contention is that the power of the city to license undertakers was impliedly withdrawn by the passage of the 1935 statute hereinbefore referred to, and his counsel say there is a conflict between the statute and the ordinance which renders the latter invalid, upon the theory that the ordinance was impliedly repealed when the statute was enacted. It should be noted, however, that paragraph 73.29 specifically provides that "Nothing in this Act shall have the effect of limiting the power of cities and villages to tax, license and regulate funeral directors, undertakers and undertaking establishments. The requirements hereof shall be in addition to the requirements of any existing or future ordinance of any city or village so taxing, licensing or regulating funeral directors, undertakers and undertaking establishments." It thus appears that although defendant would not be required to pass an examination under the State law, the saving clause of the statute preserves the city's licensing power and makes the license issued by the State subject to the exercise of the city's licensing power. Our courts have held that there is nothing inherently obnoxious in the requirement that a person engaged in a business shall have two licenses, one from the State and the other from the city (33 Am. Jur., Licenses, sec. 24). Both the city and the State may occupy the same field of regulation if the legislature so intends, and it has been held that a city may regulate an occupation which is also regulated by the State, provided there is no inconsistency or repugnancy between the two.

*City of Chicago v. Union Ice Cream Mfg. Co.*, 252 Ill. 311. The saving clause in the statute would seem to eliminate from consideration any question of inconsistency or repugnancy between the State law and the city ordinance.

It is also urged by defendant that the Cities and Villages Act merely authorizes municipalities to "regulate" but not to license undertakers. The Supreme Court has repeatedly held that the delegation of a power to a city to regulate includes the power to license. *City of Chicago v. Drogasawacz*, 256 Ill. 34; *City of Chicago v. Arbuckle Bros.*, 344 Ill. 597. These decisions are in accordance with the general rule which includes within the power to license, the means of regulation. *Kinsley v. City of Chicago*, 124 Ill. 359; *Chicago Packing & Provision Co. v. City of Chicago*, 88 Ill. 221.

Since defendant does not question or argue the propriety of the fine imposed on him with respect to the violation of section 93–10 of the Municipal Code, which makes it unlawful to move a dead human body without first securing a permit from the Board of Health, it becomes unnecessary to discuss that phase of the litigation. Considering, therefore, only the question of the validity of section 181–1 of the Municipal Code, which makes it unlawful for any individual to engage in the undertaking business without first obtaining a license from the city, we find that the ordinance is supported by grants from the State of Illinois contained in ch. 24, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 21.1111 *et seq.*]. Paragraph 23—5 authorizes the city "To fix the amount, terms, and manner of issuing and revoking licenses"; paragraph 23—81, "To do all acts and make all regulations, which may be necessary or expedient for the promotion of health or the suppression of disease"; paragraph 23—83, "To locate and regulate . . . undertaking establishments"; and paragraph 23—106, "To pass all ordinances and

make all rules and regulations, proper or necessary, to carry into effect the powers granted to municipalities, with such fines or penalties as may be deemed proper." These sources of power were written into the Cities and Villages Act beginning with 1872, whereas the statute relied on by defendant was enacted in 1935. In 1941 the legislature codified the Cities and Villages Act without making any substantial changes in the cities' power to license and regulate undertakers, and it may therefore be assumed that it did not intend to withdraw from the city any of the powers theretofore conferred upon it.

It must be conceded that the licensing of undertakers and funeral directors, which involves the power of regulating them, may affect the public health of the city in many ways. There is nothing in the statute, or in any of the decisions cited by defendant, which would justify us in holding that this right was impliedly taken from the city by the enactment of the statute in 1935. We therefore perceive no convincing reason why the judgment of the municipal court should be reversed, and it is accordingly affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and SCANLAN, J., concur.