Howabd T. Hogan, J.
Petitioner brings this proceeding pursuant to article 78 of the Civil Practice Act for an order reviewing the decision of the respondent Board of Zoning Appeals of the Village of Hempstead denying his application (1) for a permit for the construction and use of a building for the *331 sale of doughnuts made upon the premises, with a coffee shop as an accessory use, upon property located in a Business “ A ” District, or (2) for reversal of the decision of the building inspector finding that the use was prohibited in said district, or (3) for permission to conduct such a business as one similar to those already permitted, pursuant to sections 1901, 1500 and 822 respectively of the zoning ordinance.
Section 1500 of article XV of said ordinance permits the following uses in a Business “A” District, in addition to those permitted in any more restricted district; Retail stores, offices, financial institutions, telephone or telegraph offices or agencies, restaurants, or tearooms, barber or beauty shops, grocery stores, meat markets or delicatessens, libraries, photographic studios, studios or art galleries and schools. The building inspector denied a permit on the ground that ‘ ‘ the principal use proposed for the above premises is similar to that of a bakery and is not listed among the uses permitted in Business ‘ A ’ district ”.
At the hearing before the Board of Appeals the following facts were established:
1. The proposed operation was that of a “ snack shop ”, for ice cream, coffee, soft drinks, soda, and as a principal operation, the preparation and sale of doughnuts for consumption on or off the premises. Off-street parking would be provided, but all consumption of food on the premises would take place indoors. Facilities for 28 patrons at the counter and at tables would be provided.
2. The north side of Fulton Avenue is zoned Business “ A ” to a depth of 200 feet, for several blocks in either direction. The south side, on which the subject premises are located, is similarly zoned.
3. On the north side of Fulton Avenue, within two blocks of these premises and within a Business “A” District, is a restaurant known as “ Cookie’s”, which conducts as a permitted accessory use a bakery which not only supplies the restaurant with a full line of baked products, but sells them at retail for off-premises consumption, independent of the restaurant operation.
4. The preparation of doughnuts does not employ any baking process whatsoever, but consists of deep frying the dough in fat or other substance.
5. The building inspector denied the building permit on the ground that the proposed use came close to being a bakery.
After the hearing, and at a subsequent meeting, the board took the following action:
*332 “ Mr. Cloudman: I feel that the business to be conducted is not a restaurant but is a bakery, and since a bakery is not a permitted use in a Business ‘ A ’ Zone, but only in a Business ‘ B ’ Zone, I move that this application be denied.
“ The motion was seconded and carried by a vote of four in favor and one opposed.
“ Counsel for the petitioner then asked the Board the following question: ‘ On the ground that it is a bakery? ’, and the Chairman answered: ‘ That is right. ’ ’ ’
Petitioner’s attorney has argued most ably before the board and before this court that the operation proposed is not that of a bakery, and has pointed to the facts that no ovens are to be installed on the premises, and that doughnuts, like French-fried potatoes and other fried foods are prepared by immersion in hot liquid fat or shortening, a process known as “ deep frying ” which by no stretching .of the term constitutes baking. (A doughnut is defined in Funk and Wagnalls’ New Standard Dictionary as “a small cake made of dough fried in lard ”.) He has offered Webster’s International Dictionary for this definition of the term “ bake ”: “to prepare as food by cooking in a dry heat either in an oven, under coals or on heated stone or metal,” and a bakery, he contends, is a place where food is baked and sold. This would seem to conform to the ordinary concept of a bakery.
The court has been unable to find a reported judicial declaration on the subject other than that contained in City of Chicago v. Drogasawacz (256 Ill. 34 [1912]). The advances made in the past 45 years in the mixing and preparation of frozen foods for intended ultimate baking in the home, however, would seem to have rendered this definition obsolete. Nor does the ordinance itself furnish any guide, since it has neglected to define the term “bakery”. If its research had yielded no more than this the court would have no hesitancy in declaring that the respondents erred in classifying this proposed use as a bakery.
However, section 330 of the Labor Law defines the term as follows: “1. ‘ Bakery ’ means a building, room or place used for making, preparing or baking bread, biscuits, pastry, cakes, doughnuts, crullers, noodles, macaroni or spaghetti to be sold or consumed on or off the premises, except kitchens in hotels, restaurants ”. (Italics supplied.)
The use by the Legislature of the disjunctive “or ”, clearly indicates an intent to define as a bakery — at least for the purposes of the Labor Law — any place where doughnuts are made *333 or prepared, regardless of whether baking is a part of the process.
Nevertheless, the court finds that petitioner is entitled to the relief sought on the following ground:
Both retail stores and restaurants are permitted as of right in a Business “A” District. It is immaterial, therefore, whether a use such as the proposed one is that of a retail store with a restaurant as an accessory use, or a restaurant with a retail store as an accessory use. If a criterion is the relative area devoted to each, then it would appear from the architect’s sketch offered at the hearing that the restaurant would occupy the larger portion of the premises. This would appear to place it in the same category as the operation known as “Cookie’s”, described by counsel as a bakeshop, separated by an interior wall from a large restaurant, the former being described as a “ full-line ’ ’ bakery, and containing in the rear complete baking equipment, with ovens, mixers, etc. The percentage of the entire business conducted by each is not before the court,- nor for that matter has proof been offered by anyone concerning the probable division of business between the preparation of doughnuts and the restaurant in the proposed use. At any rate, the village authorities, by permitting a use such as “ Cookies’s ”, which they now concede to be a conforming one, have already interpreted article XV (§ 1500) of the ordinance as permitting a bakery operation to be combined with a retail store and restaurant, not as an accessory use (since no provision is made for an accessory use in a Business “ A ” District) but as an integral part of the whole business. Applying this interpretation to the instant petition, it must be held that even if the preparation of doughnuts is a “ baking ” operation, it may be conducted as a proper activity in a retail store and restaurant such as petitioner proposes to establish in a Business “A” District. To hold otherwise would be to discriminate against him and to deprive him of the equal protection of the law. Accordingly, the determination of the respondents is annulled and a permit is directed to be issued.